# EXHIBIT 1

*Execution Version*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA,<br><br>Defendants. | Case No. 1:24-cv-10152-DJC<br><br>**CLASS ACTION** |

<u>**STIPULATION AND AGREEMENT OF SETTLEMENT**</u>

This Stipulation and Agreement of Settlement, dated April 14, 2025 (the "Stipulation") is entered into between (a) Lead Plaintiffs Julio Maurice Bueno and Harry Levin ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants AlloVir, Inc. ("AlloVir" or the "Company"), Diana M. Brainard, and Vikas Sinha (the "Individual Defendants" and together with AlloVir, the "Defendants" and together with both AlloVir and Lead Plaintiffs, the "Parties") by and through their counsel of record, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, discharge and dismiss with prejudice the Released Claims as against Defendants, and all Released Plaintiffs' Claims.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1.

WHEREAS:

A.    On January 19, 2024, Plaintiff Jennifer Zerbato filed a class action complaint in the United States District Court for the District of Massachusetts (the "Court") styled *Zerbato* v. *AlloVir, Inc*., *et al.*

B.    On March 19, 2024, Julio Maurice Bueno and Harry Levin, and five other purported AlloVir shareholders, moved for appointment as lead plaintiffs for the proposed class.

C.    On April 17, 2024, the Court appointed Julio Maurice Bueno and Harry Levin as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Liebhard LLP as Lead Counsel for the proposed class.

D.    On June 17, 2024, Lead Plaintiffs filed and served the Complaint, alleging violations of the Securities Exchange Act of 1934 against Defendants.

E.    On August 16, 2024, Defendants filed a motion to dismiss the Complaint.

F.    While the motion to dismiss briefing was ongoing, the Parties conferred and agreed to a four-week extension of the motion to dismiss briefing to explore settlement to resolve the Action.

G.    During the weeks that followed, the Parties engaged in settlement negotiations but were unable to reach an agreement to resolve the Action.

H.    On November 12, 2024, Lead Plaintiffs filed a memorandum in opposition to the motion to dismiss the Complaint.

I.    On December 12, 2024, Defendants filed a reply brief in support of their motion to dismiss.

J.    On February 19, 2025, the Court held oral argument on Defendants' motion to dismiss and following the argument, took the matter under advisement.

2

K.    During the week that followed, the Parties resumed settlement negotiations. On March 3, 2025, the Parties agreed to a settlement in principle to settle the Action and release all claims against Defendants in return for a cash payment of one million dollars ($1,000,000) for the benefit of the Settlement Class.

L.    On March 12, 2025, the Parties executed a binding Memorandum of Understanding (the "MOU").

M.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the MOU.

N.    Based upon their investigation and prosecution of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Accordingly, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

O.    Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. As set forth in ¶ 38 below, each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them,

3

and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Further, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

P.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (on behalf of themselves and all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees shall be settled and released, and the Action shall be dismissed with prejudice upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a. "Action" means the securities class action lawsuit in the matter styled *Zerbato v. AlloVir, Inc. et al.*, No. 1:24-cv-10152-DJC, filed in the U.S. District Court for the District of Massachusetts.

b. "AlloVir" or the "Company" means AlloVir, Inc.

4

c. "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

d. "Claim" means a Claim Form on paper or in an electronic format that is submitted to the Claims Administrator.

e. "Claim Form" or "Proof of Claim Form" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

f. "Claimant" means a person or entity that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

g. "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

h. "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

i. "Class Period" means the period from January 11, 2023 through December 21, 2023, inclusive.

j. "Complaint" means the Amended Complaint for Violations of the Federal Securities Laws, filed on June 17, 2024, in the Action (ECF No. 51).

k. "Court" means the United States District Court for the District of Massachusetts.

l. "Defendants" means AlloVir and the Individual Defendants.

5

m. "Defendants' Counsel" means Goodwin Procter LLP.

n. "Defendants' Releasees" means each of the Defendants and his, her or its respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, controlling shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

o. "Effective Date" with respect to the Settlement means the date on which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

p. "Escrow Account" means an account maintained at FlagStar Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

q. "Escrow Agent" means Lead Counsel.

r. "Escrow Agreement" means the agreement between Lead Counsel and FlagStar Bank setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

s. "Final" with respect to the Judgment, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under any applicable rule, including the Federal Rules of Appellate Procedure; or (ii) if there is an appeal from the

6

judgment of an order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a motion for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), or (iii) the procedure for determining Authorized Claimants' Claims shall not in any way delay or preclude a judgment from becoming Final.

t. "Individual Defendants" means Diana M. Brainard and Vikas Sinha.

u. "Internet Notice" means the "Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses," to be published substantially in the form attached hereto as Exhibit A-1.

v. "Judgment" means the judgment and order of dismissal, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

w. "Lead Counsel" means the law firm of Bernstein Liebhard LLP.

x. "Lead Plaintiffs" means Julio Maurice Bueno and Harry Levin.

y. "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

z. "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

aa. "Notice" means the publication of the Internet Notice, the publication of the Summary Notice, and the mailing of the Postcard Notice.

bb. "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing Notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

cc. "Officer" means any officer as that term is defined in the Securities and Exchange Act Rule 16a-1(f).

dd. "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

ee. "Plaintiffs' Counsel" means (i) Lead Counsel, and (ii) local counsel Hutchings Barsamian Mandelcorn, LLP.

ff. "Plaintiffs' Releasees" means Lead Plaintiffs, all other Settlement Class Members, and Lead Counsel.

gg. "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Internet Notice.

hh. "Postcard Notice" means the "Postcard Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, and Motion for Attorneys' Fees and

Reimbursement of Expenses," to be mailed substantially in the form attached hereto as Exhibit A-4.

ii. "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

jj. "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

kk. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

ll. "Released Defendants' Claims" means, to the fullest extent that the law permits their release, as against Lead Plaintiffs, all members of the Settlement Class, and Lead Counsel, all claims or causes of action of every nature and description, whether known or unknown, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for (i) claims relating to the enforcement of the Settlement or this Stipulation, or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. "Released Defendants' Claims" include "Unknown Claims," as defined herein.

mm. "Released Plaintiffs' Claims" means, to the fullest extent that the law permits their release, as against Defendants' Releasees, any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money,

9

suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class, direct, indirect, or individual in nature, that previously existed, currently exist, exist as of the date of Court approval of the Settlement, or that may arise in the future, that Plaintiffs or any other member of the Settlement Class asserted in the complaints in the Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) that arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Action or the complaints in the Action, or that in any way arise out of, are based upon, relate to, or concern any purchase of AlloVir securities during the Class Period. This release shall not include any claims arising out of any derivative action. This release does not release or impair any claims relating to the enforcement of the Settlement.  "Released Plaintiffs' Claims" include "Unknown Claims," as defined herein.

nn. "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

oo. "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

10

pp. "Settlement" means the settlement between Lead Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants on the terms and conditions set forth in this Stipulation.

qq. "Settlement Amount" means one million U.S. dollars ($1,000,000.00) in cash.

rr. "Settlement Class" means all persons or entities who purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive (such time period, the "Settlement Class Period"). Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period; any person who served as an officer (as defined in Securities Exchange Act Rule 16a-1(f)) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors, heirs, and assigns of any excluded person.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

ss. "Settlement Class Member" means each person or entity that is a member of the Settlement Class.

tt. "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

uu. "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider the final approval of the Settlement.

vv. "Summary Notice" means the "Summary Notice of Pendency of Class Action, Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing" which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

ww. "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

xx. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent to California Civil Code §1542, which provides: **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."** Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be

true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for the purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  In the event the Settlement is terminated, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, as provided in ¶ 34 below, Defendants reserve all rights and defenses concerning class certification and the appointment of Class Representative and Class Counsel.

13

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     On or before April 18, 2025, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action with prejudice as against Defendants; and (b) the releases provided for herein.

5.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each member of the other Settlement Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claims against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined from bringing, asserting, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. The Judgment shall include the dismissal with prejudice of the Action in its entirety as against all Defendants.

6.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves, and each of their

14

respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and all of the Plaintiffs' Releasees, and shall forever be barred and enjoined from bringing, asserting, or prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by any of the Parties, Defendants' Releasees or Plaintiffs' Releasees to enforce or effectuate the terms of this Stipulation or the Judgment.

## **THE SETTLEMENT CONSIDERATION**

8.     In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account, by wire or electronic fund transfer, within thirty (30) business days after the later of (i) the Court's entry of an order preliminarily approving the Settlement and (ii) receipt by counsel for Defendants of a Form W-9, wire instructions, and the name and phone number of a person authorized to verbally confirm the wire instructions from Lead Counsel. The interest from this Escrow Account will accrue to the benefit of the Settlement Class if the Court approves the Settlement. But, if the Court does not approve the Settlement, then the interest and the Settlement Amount shall be returned to the appropriate sources of the funds pursuant to the instructions of Defendants, through Defendants' Counsel, less any allowed Notice or Administrative costs paid or incurred. With the sole exception of Defendants'

obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in this ¶ 8, the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, supervision, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all

16

of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants and the other Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. The Escrow Agent shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants and the other Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e). The Escrow Agent, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.      All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by the Escrow Agent and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants and the other Defendants' Releasees shall have no responsibility or liability for the acts or omissions of the Escrow Agent or its agents with respect to the payment of Taxes, as described herein.

13.      The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the collective amount of the Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.      Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable up to $100,000.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing and hosting the Internet Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice, Internet Notice, and/or Claim Form to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with Notice and administering the Settlement (including processing the submitted Claims), and

18

the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount. All Notice and Administration Costs shall be paid exclusively from the Settlement Fund. In no event shall Defendants be obligated to make any payments into the Settlement Fund beyond the Settlement Amount, regardless of whether Notice and Administrative Costs exceed $100,000. Except for Defendants' obligation to send CAFA notice as provided for in ¶ 20, Defendants and the other Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to Notice and Administration Costs, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Lead Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award to be paid solely from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the

19

Settlement Fund, if (i) the Effective Date does not occur; (ii) the Settlement is terminated pursuant to the terms of this Stipulation; or (iii) if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than twenty (20) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become final. Each such Plaintiffs' Counsel's law firm or Lead Plaintiffs, as a condition of receiving such fees, costs, and expenses, on behalf of itself or himself, and each partner and/or shareholder of it or him, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Any refunds required pursuant to this paragraph ¶ 16 shall be the obligation of Lead Counsel, other Plaintiffs' Counsel, and Lead Plaintiffs that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.     Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants and the other Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The allocation or award of attorneys' fees is not

20

a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular allocation or award of attorneys' fees be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the allocation or award of attorneys' fees. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.    As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than AlloVir's obligation to provide its shareholder records from its transfer agent as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall provide reasonable cooperation in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to issue Notice and make Proof of Claim Forms available to those members of the Settlement Class as may be identified through

reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, AlloVir shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) a list consisting of names and mailing addresses and email addresses, to the extent available from AlloVir's transfer agent, of those who purchased or held AlloVir securities during the Class Period.

20.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). Defendants are responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA. The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment.

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation included in the Internet Notice attached hereto as Exhibit A-1 or in such other plan of allocation as the Court approves).

22.   The Plan of Allocation proposed in the Internet Notice is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant or any other Defendants' Releasee shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation or the subsequent effectuation thereof.

23.   Any Settlement Class Member that does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.   Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant or any other Defendants' Releasee shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the

obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a. Each Claimant shall be required to submit a paper or electronic Claim, substantially in the form attached hereto as Exhibit A-2, in accordance with the instructions for the submission of such Claims and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel in their discretion may deem acceptable;

b. All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Postcard Notice, Internet Notice, and Summary Notice. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases,

the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c. Each Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d. Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e. If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to all Releases provided herein

25

and in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.    No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, Defendants, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and all other

26

Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.  If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to Greater Boston Legal Services.

## **TERMS OF THE JUDGMENT**

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32.     The Effective Date of the Settlement shall be the date on which all of the following events have occurred or been waived:

a. The Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b. The Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

c. Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

d. The Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

e. A Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants or any of Defendants' Releasees in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

28

34.     If the Court declines to approve the Settlement, the Court approves a settlement that differs in any material respect from the Settlement set forth in this Stipulation, or the Effective Date as to the Settlement otherwise fails to occur, then:

a. The Settlement and the relevant portions of this Stipulation shall be cancelled and terminated.

b. Lead Plaintiffs and Defendants shall revert to their respective positions in the Action immediately prior to the execution of this Stipulation.

c. The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d. In the event the Settlement is not approved or the Settlement is terminated pursuant to this Stipulation, then within ten (10) business days after such termination, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing, shall be refunded to AlloVir (or such other persons or entities as AlloVir may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within ten (10) business days specified in this paragraph, those funds shall be refunded AlloVir (or such other entities as AlloVir may direct) immediately upon their deposit into the Escrow Accounting consistent with ¶ 16 above.

35.    It is further stipulated and agreed that Defendants and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Party to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the First Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

36.    If prior to the Settlement Hearing, the aggregate number of shares of AlloVir common stock purchased during the Class Period by persons or entities who would otherwise be Settlement Class Members, but who request exclusion from the Settlement Class, exceeds the sum specified in a separate supplemental agreement between Lead Plaintiffs and Defendants by and through their counsel (the "Supplemental Agreement"), Defendants shall have the discretion to terminate this Stipulation and render it null and void in accordance with the procedures set forth in the Supplemental Agreement. The Parties agree to maintain the confidentiality of the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court unless and until (i) the Parties agree in writing to file it; (ii) a dispute arises between the Parties concerning its interpretation or application; or (iii) as otherwise ordered by the Court. The

30

Supplemental Agreement shall not otherwise be disclosed in any manner unless ordered by the Court. If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed in camera to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold aggregate number of shares.

37.     In addition to the grounds set forth in ¶¶ 35 and 36 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, but only if: (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

## NO ADMISSION OF WRONGDOING

38.     Neither this Stipulation (whether or not consummated), including the exhibits attached hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. Shall be offered against any Defendant or any other of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any Defendant or any other of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been

31

asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any Defendant or any other of the Defendants' Releasees or in any way referred to for any other reason as against any Defendant or any other of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b. Shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any Defendant or any other of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceeding as may be necessary to effectuate the provisions of this Stipulation; or

c. Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the settlement.

## MISCELLANEOUS PROVISIONS

32

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall prevail.

40.     Defendants warrant that, as to the payments made or to be made on their behalf, at the time of entering into this Stipulation and at the time of such payment it, or to the best of its knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by Defendants and not by Defendants' Counsel.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and other Releasees pursuant to this Stipulation, in which event the Releases and Judgment shall be null and void, the Parties shall be restored to their respective positions in the litigations as provided in ¶ 34 above, and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

33

42.    The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Action, Released Plaintiffs' Claims and Released Defendants' Claims.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Party or any Releasee as to the merits of any claim or defense.  Pursuant to 15 U.S.C. § 78u-4(c)(1), the Judgment will contain a finding that, during the course of the Action, the Parties, the Individual Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel.

43.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

44.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.    The administration and consummation of the Settlement as embodied in this stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation

34

(or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

46.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

48.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

50.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them shall be governed by the internal laws of the State of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

52.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.     The Parties acknowledge that it is their intent to consummate this agreement, and Lead Counsel and Defendants' Counsel agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.     Except as otherwise provided herein, each Party shall bear its own costs.

56.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their Counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

57.     All agreements made during the course of this Action relating to the confidentiality of information shall survive this Settlement.

58.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determinations thereof are the sole responsibility of that Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual settlement class member.

**DATED**: April 14, 2025

**BERNSTEIN LIEBHARD LLP**

By: _____

Michael S. Bigin
Jeffrey R. McEachern
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
bigin@bernlieb.com
jmceachern@bernlieb.com

*Lead Counsel for Lead Plaintiffs*

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**
Theodore M. Hess-Mahan
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Tel: (781) 431-2231
Fax: (781) 431-8726
thess-mahan@hutchingsbaramian.com

*Local Counsel for Lead Plaintiffs*

37

GOODWIN PROCTER LLP

By: _____

Caroline H. Bullerjahn
Justin D. Ward
Brendan Blake
Laura Noerdlinger
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
Fax: (617) 523-1231
cbullerjahn@goodwinlaw.com
jward@goodwinlaw.com
bblake@goodwinlaw.com
lnoerdlinger@goodwinlaw.com

*Counsel for Defendants*

38

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA,

        Defendants.

Case No. 1:24-cv-10152-DJC

**CLASS ACTION**

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS Lead Plaintiffs Julio Maurice Bueno and Harry Levin ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), Defendants AlloVir, Inc. ("AlloVir" or the "Company"), Diana M. Brainard, and Vikas Sinha (the "Individual Defendants" and together with AlloVir, the "Defendants" and together with both AlloVir and Lead Plaintiffs, the "Parties"), have entered into a Stipulation and Agreement of Settlement ("Stipulation"),[1] which, if approved by the Court, would settle all Claims that have been, could have been, or could be asserted in this Action;

WHEREAS Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with

---

[1] To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Stipulation.

the Stipulation and allowing notice to Settlement Class Members as more fully described herein; and

WHEREAS the Court has read and considered (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS the proposed Settlement is subject to the Court's final approval at the Settlement Hearing to be held as discussed below;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Proposed Class Certification Solely for Settlement Purposes.**   Solely for the purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

2.      The Court also finds that it will likely be able to certify Lead Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.      The Settlement Class shall be comprised of all persons or entities who purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive. Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period; any person who served as an officer (as defined in Securities Exchange Act Rule

16a-1(f)) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors, heirs, and assigns of any excluded person. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request exclusion that is accepted by the Court.

4.     **Class Findings.**  The Court finds, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class solely for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.     **Preliminary Approval of the Settlement.**   The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally

3

approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below. The Court finds probative that the Settlement was negotiated at arm's length.

7.    **Settlement Hearing.**  Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a Settlement Hearing on _____, 2025, at _____.m. ET (a date no fewer than 90 days following the Preliminary Approval Date), before the Honorable Denise Casper, United States District Judge for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the Releases set forth in the Stipulation should be ordered; (e) to determine whether the proposed Settlement is fair and reasonable and should be approved, unless otherwise ordered.  The Court may approve the proposed Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

8.    **Retention of Claims Administrator and Manner of Giving Notice.**  The Court approves Lead Plaintiffs' selection of Strategic Claims Services to serve as Claims

Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.

a.      not later than ten (10) business days after the date of entry of this Order, Defendants shall, at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator, provide or cause to be provided to the Claims Administrator in electronic format a list from the Company's transfer agent consisting of names and mailing addresses and email addresses, if available, of those who purchased or held AlloVir securities during the Class Period;

b.      beginning not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort;

c.      contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Internet Notice and Claim Form to be posted on a webpage to be developed for the Settlement on the Claims Administrator's website, from which copies of the Internet Notice and Claim Form can be downloaded;

d.      not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published in Globe Newswire; and

e.      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.      **Approval of Form and Content of Notice.** – The Court: (a) approves, as to form and content, the Internet Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits 1, 2, 3, and 4, respectively; and, (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice, Internet Notice and Claim Form in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Internet Notice and Summary Notice before they are mailed and published, respectively.

10.     **Nominee Procedures.** Plaintiffs' Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as

6

brokerage firms and other persons or entities who or which purchased AlloVir securities during the Class Period for the benefit of another person or entity. Brokers and other nominees who purchased AlloVir securities during the Class Period for the benefit of another person or entity shall, within seven days of receipt of the Postcard Notice, either: (a) provide to the Claims Administrator the name and last known address of each such person or entity; (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and, within seven days of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request a link to the electronic Internet Notice and Claim Form from the Claims Administrator, which will be provided free of charge, and, within seven days of receipt, email the link directly to all such persons and entities for which email addresses are available. If available, the broker or other nominee must also provide the Claims Administrator with the emails of the beneficial owners. If a broker or other nominee opts to utilize procedure (b) or (c) above, then such broker or nominee must provide a statement to the Claims Administrator confirming that the mailing or emailing was made as directed and keep a record of the names and mailing addresses and email address used. Upon full compliance with this Order, such brokers or other nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of $0.02 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.02 per link to the electronic Internet Notice and Claim Form emailed; or $0.02 per name, address, and email address provided to the Claims Administrator. Such properly documented expenses incurred by brokers or other nominees in compliance with the terms of this

7

Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.     **CAFA Notice.**  As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

12.     **Participation in the Settlement.** Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received electronically no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

13.     In order to be entitled to participate in the recovery from the Net Settlement Fund after the Effective Date, each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the

form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

14.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and the Internet Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

15.    **Exclusion from the Settlement Class.** All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the

9

Settlement Class. Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Internet Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: AlloVir, Inc. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063 and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Zerbato v. AlloVir, Inc., et al*., 1:24-cv-10152-DJC (D. Mass.)"; (iii) state the number of AlloVir securities that the person or entity requesting exclusion (A) owned as of the opening of trading on January 11, 2023 and (B) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. Upon receiving any request for exclusion, Lead Counsel or the Claims Administrator shall promptly provide copies of such request(s) to Defendants' Counsel within three (3) business days of receiving any request for exclusion.

16.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any

10

orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

17.    Any person or entity who is excluded from the Class by virtue of having submitted a valid and timely request for exclusion may, at any point up to the day of the Settlement Hearing, submit a written revocation of request for exclusion. To revoke a prior request for exclusion, a Settlement Class Member must submit a written statement to the Claims Administrator and/or to Lead Counsel, signed by the Settlement Class Member, stating the Settlement Class Member's desire to revoke, retract or withdraw his, her, or its request for exclusion and to be bound by any judgment or settlement in the Action. Any such statement or notice of revocation of a prior request for exclusion received by the Claims Administrator or Lead Counsel shall be promptly forwarded to Defendants' Counsel within three (3) business days of receipt, and Lead Counsel shall file and serve a copy of any such revocation with the Court.

18.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Internet Notice.

11

19.    **Appearance and Objections at Settlement Hearing.**  Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

20.    Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear to show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

12

Lead Counsel:

Michael S. Bigin
Jeffrey R. McEachern
Bernstein Liebhard LLP
10 East 40th Street
New York, NY 10016

Defendants' Counsel:

Caroline H. Bullerjahn
Justin D. Ward
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

21. Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including documents showing the number of securities of AlloVir that the objecting Settlement Class Member (i) owned as of the opening of trading on January 11, 2023, and (ii) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written

objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

22. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

23. **Stay and Temporary Injunction.** Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs and all other members of the Settlement Class from commencing or prosecuting, directly or indirectly, any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

24. **Settlement Administration Fees and Expenses.** All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

14

25.    **Settlement Fund.**   The contents of the Settlement Fund held by the Escrow Agent at FlagStar Bank shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.    **Taxes.**  Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for, or in respect to, the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

27.    **Plan of Allocation and Motion for Attorneys' Fees and Litigation Expenses.**  Defendants' Releasees shall have no responsibility or liability for (i) the Plan of Allocation, (ii) any actions of the Escrow Agent, (iii) any distributions from the Net Settlement Fund, or (iv) any application for attorneys' fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiffs. The Court will consider any applications for attorneys' fees or Litigation Expenses separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action and Releases. At or after the Settlement Hearing, the Court shall determine whether any application for attorneys' fees or payment of expenses shall be approved.

28.    **Termination of Settlement.**  If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement

15

otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

29.    **Use of this Order.** Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the

16

Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

30.    **Supporting Papers.**  Lead Counsel shall file and serve the opening papers in support of the proposed Settlement and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 2025

_____
The Honorable Denise Casper
United States District Court Judge

17

**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA, <br><br> Defendants. | Case No. 1:24-cv-10152-DJC <br><br> **CLASS ACTION** |

**INTERNET NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased AlloVir, Inc. securities from January 11, 2023 through December 21, 2023, inclusive, you may be entitled to a payment from a class action settlement.**

*A Court authorized this notice.  This is **not** a solicitation from a lawyer.*

- This Internet Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- The Settlement resolves claims by Court-appointed Lead Plaintiffs Julio Maurice Bueno and Harry Levin ("Lead Plaintiffs") on behalf of themselves and all other members of the Settlement Class (defined below) against Defendants AlloVir, Inc. ("AlloVir" or the "Company"), Diana M. Brainard, and Vikas Sinha (collectively, "Individual Defendants," and, together with AlloVir, "Defendants," and, together with both AlloVir and Lead Plaintiffs, the "Parties").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases Defendants' Releasees (defined below) from liability from the Released Plaintiffs' Claims (defined below).

- If approved by the Court, the Settlement will create a $1 million cash fund, plus earned interest, for the benefit of eligible Settlement Class Members, before the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Costs, and Taxes.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated April 14, 2025 (the "Stipulation"), which can be viewed at www.strategicclaims.net/allovir. All capitalized terms not defined in this Internet Notice have the same meanings as defined in the Stipulation.

**PLEASE READ THIS NOTICE CAREFULLY.  It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**

**If you have any questions about this Internet Notice, the Settlement, or your eligibility, please do not contact AlloVir or its counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶¶ 7–8 below).**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM ON OR BEFORE _____, 2025** | The <u>only</u> way to be eligible to receive a payment from the Settlement is to submit a timely and valid Claim Form. *See* Question 8 below for details.  If you are a Settlement Class Member and you remain in the Settlement Class, it is in your best interest to submit a Claim Form, because, even if you do not submit a Claim Form, you will be bound by the Settlement approved by the Court and will give up all Released Plaintiffs' Claims against Defendants' Releasees (defined in ¶ 39 below). |
| **EXCLUDE YOURSELF FROM THE CLASS ON OR BEFORE _____, 2025** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Defendants' Releasees concerning the Released Plaintiffs' Claims.  *See* Question 11 below for details. |
| **OBJECT ON OR BEFORE _____, 2025** | If you do not like the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, you may write to the Court and explain why you do not like them.  You cannot object if you are not a Settlement Class Member or if you have requested exclusion.  *See* Question 15 below for details. |
| **GO TO A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED BY NO LATER THAN _____, 2025** | Ask to speak to the Court at the Settlement Hearing about the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.  *See* Questions 17-19 below for details. |
| **DO NOTHING** | If you are a member of the Settlement Class and you do not submit a valid and timely Claim Form, you will not be eligible for a payment from the Settlement.  You will, however, be bound by the Judgment and orders entered by the Court, which means that you will give up your right to sue about the claims that are resolved by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Internet Notice.

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient, as this process can take some time to complete.

## SUMMARY OF THE INTERNET NOTICE

**Statement of the Class's Recovery**

1. Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $1,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages 24-26 below.

**Estimate of Average Amount of Recovery Per Share**

2. Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of AlloVir securities eligible to participate in the Settlement, and assuming that all such investors eligible to participate do so, Lead Plaintiffs estimate that the average recovery would be approximately $0.03 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Costs). If the Court approves the Fee and Expense Application (discussed below), the average recovery would be approximately $0.02 per allegedly damaged share.[2] Please note, however, that these average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimated amounts. An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

Settlement Fund; (iii) when the Settlement Class Member purchased AlloVir securities; and (iv) whether and when the Settlement Class Member sold the securities. See the Plan of Allocation beginning on page 24 for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

3.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs were to prevail on each claim alleged in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Settlement Class Members (at all, or in the amount contended by Lead Plaintiffs). The issues on which the Parties disagree also include, for example, whether: (i) Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the price of AlloVir securities was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors, such as general market, economic and industry conditions, influenced the prices of AlloVir securities during the Class Period.

4.      Defendants have denied and continue to deny any and all allegations of wrongdoing, liability, fault, or damages asserted in the Action, and deny that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Each Defendant has expressly denied and continues to deny all allegations of wrongdoing or liability against such Defendant arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Action, including but not limited to, all contentions concerning Defendants' business, conduct, and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Defendants have also

4

denied and continue to deny the allegations that Lead Plaintiffs or Settlement Class Members have suffered any damages, loss, or were otherwise harmed in any way by Defendants or by the conduct alleged in the Action.

**Statement of Attorneys' Fees and Expenses Sought**

5.    Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed thirty-three and one third percent (33 1/3 %) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of Litigation Expenses incurred by Lead Counsel in prosecuting the Action in an amount not to exceed $100,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses of Lead Plaintiffs directly related to their representation of the Class. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are submitted for all shares eligible to participate in the Settlement, will be approximately $0.01 per allegedly damaged share of AlloVir securities (according to Lead Plaintiffs' damages expert).   A copy of the Lead Counsel's application for attorneys' fees and litigation expenses will be posted on www. strategicclaims.net/allovir after it has been filed with the Court.

**Reasons for the Settlement**

6.    For Lead Plaintiffs, the principal reason for the Settlement is the immediate and guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the motions or anticipated motions filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

5

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, they have stated that they are entering into the Settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing litigation of the Action.

**Identification of Attorneys' Representatives**

7.     Lead Plaintiffs and the Settlement Class are represented by Lead Counsel, Michael S. Bigin, Bernstein Liebhard LLP, 10 East 40th Street, New York, NY 10016, www.bernlieb.com.

8.     Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Strategic Claims Services, (866) 274-4004 www.strategicclaims.net/allovir/; or Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

**1.  Why did I get this Notice?**

9.     The Court authorized that notice of this Settlement be sent to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive, and may be a Settlement Class Member. **Receipt of the postcard providing you information about where to find this Internet Notice online does not mean that you are a member of the Settlement Class or that you are entitled to receive a payment. If you wish to be eligible for a payment, you are required to submit the Claim Form that is distributed with this Notice.** *See* **Question 8 below.**

10.    The purpose of this Internet Notice is to inform you of the existence of this class action, how you might be affected by it, and how to exclude yourself from the Settlement Class, if you wish to do so. This Internet Notice also informs you of the terms of the Settlement, and of

6

a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and Lead Counsel's Fee and Expense Application.

11.    The Court in charge of the Action is the United States District Court for the District of Massachusetts, and the case is known as *Zerbato v. AlloVir, Inc. et al.*, Case No. 1:24-cv-10152-DJC. The Action is assigned to the Honorable Denise Casper, United States District Judge.

> **2.  What is this case about and what has happened so far?**

12.    This Action was commenced with the filing of a complaint on January 19, 2024.

13.    On April 17, 2024, the Court appointed Julio Maurice Bueno and Harry Levin as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Liebhard LLP as Lead Counsel for the proposed class.

14.    On June 17, 2024, Lead Plaintiffs filed the Complaint, alleging violations of the Securities Exchange Act of 1934 against Defendants.

15.    On August 16, 2024, Defendants filed a motion to dismiss the Complaint.

16.    On November 12, 2024, Lead Plaintiffs filed a memorandum in opposition to the motion to dismiss the Complaint.

17.    On December 12, 2024, Defendants filed a reply brief in support of their motion to dismiss.

18.    On February 19, 2025, the Court held oral argument on Defendants' motion to dismiss and following the argument, took the matter under advisement.

19.    On March 3, 2025, the Parties agreed to a settlement in principle to settle the Action and release all claims against Defendants in return for a cash payment of one million dollars ($1,000,000) for the benefit of the Settlement Class.

7

20. On _____, 2025, the Court preliminarily approved the Settlement, authorized this notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**3. Why is this a class action?**

21. In a class action, one or more persons or entities (in this case, Lead Plaintiffs), pursue a lawsuit on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." Class actions allow the adjudication of many individuals' similar claims that might be too small economically to bring as individual actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

**4. What are the reasons for the Settlement?**

22. The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, both sides after due consideration agreed to a Settlement of the Action. Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit; however, Lead Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

23. Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint and further deny that they did anything wrong, that Lead Plaintiffs or the Settlement Class suffered damages or that the price of AlloVir securities was artificially inflated by reasons of alleged misrepresentations, omissions, nondisclosures or otherwise. The Settlement should not be seen as an admission or concession on the part of Defendants.

Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

## WHO IS IN THE SETTLEMENT

### 5.  How do I know if I am part of the Settlement Class?

24.    The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (see Question 6 below) or take steps to exclude themselves from the Settlement Class (see Question 11 below):

*All Persons who purchased AlloVir securities from January 11, 2023 through December 21, 2023, inclusive, and who were damaged thereby.*

25.    Receipt of Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in AlloVir securities. Please check your records or contact your broker to see if you are a member of the Settlement Class. If one of your mutual funds purchased AlloVir securities during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you individually purchased AlloVir securities during the Class Period.

### 6.  Are there exceptions to being included?

26.    Yes.    There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Class Period; any person who served as an officer (as defined in Securities Exchange Act Rule 16a-1(f)) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors, heirs, and assigns of any excluded person.

27.    If you sold all of your AlloVir securities prior to the alleged corrective disclosure, which occurred after the market closed on December 21, 2023, and made no subsequent purchases, you are not a member of the Settlement Class because you were not allegedly damaged.

28.    Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

## THE SETTLEMENT BENEFITS

**7.  What does the Settlement provide?**

29.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims against Defendants' Releasees (*see* Question 10 below), Defendants have agreed to cause a $1 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who send in valid and timely Claim Forms.

**8.  How can I receive a payment?**

30.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is available on the website dedicated to the Settlement: www.strategicclaims.net/allovir/, or from Lead Counsel's website: www.bernlieb.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004.

31.    Please read the instructions contained in the Claim Form carefully.  Fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator using the address listed in the Claim Form or submit it online at

10

www.strategicclaims.net/allovir/.  Claim Forms must be **postmarked (if mailed) or received no later than _____, 2025.**

| 9.  When will I receive my payment? |
| --- |

32.     The Court will hold a Settlement Hearing on _____, **2025** to decide, among other things, whether to finally approve the Settlement.  Even if the Settlement is approved there may be appeals, which can take time to resolve.  It also takes a long time for all Claim Forms to be accurately reviewed and processed.  Please be patient.

| 10.  What am I giving up to receive a payment and by staying in the Settlement Class? |
| --- |

33.     By staying in the Settlement Class, you have the opportunity to receive a payment in this Settlement.  If you exclude yourself from the Settlement Class, you give up the right to receive a payment in this Settlement, but you may be able to file your own individual case if you choose.

34.     If you are a member of the Settlement Class, unless you exclude yourself (*see* Question 11 below), you will remain in the Settlement Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the Defendants' Releasees.

(a)     **"Released Plaintiffs' Claims"** means, to the fullest extent that the law permits their release, as against Defendants' Releasees, any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected

11

or unperfected, whether class, direct, indirect, or individual in nature, that previously existed, currently exist, exist as of the date of Court approval of the Settlement, or that may arise in the future, that Plaintiffs or any other member of the Settlement Class asserted in the complaints in the Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) that arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Action or the complaints in the Action, or that in any way arise out of, are based upon, relate to, or concern any purchase of AlloVir securities during the Class Period. This release shall not include any claims arising out of any derivative action. This release does not release or impair any claims relating to the enforcement of the Settlement.  "Released Plaintiffs' Claims" include "Unknown Claims," as defined herein.

(b)    **"Defendants' Releasees"** means each of the Defendants and his, her or its respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, controlling shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

12

(c)    "**Unknown Claims**" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar comparable or equivalent to California Civil Code §1542, which provides: **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."** Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable,

13

known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

35.     The "Effective Date" will occur when a Judgment entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

36.     Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiffs, the Settlement Class, and Lead Counsel arising out of or related to the institution, prosecution, or Settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE CLASS

37.     If you do not want to be eligible to receive a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants' Releasees on your own for the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal. Also, Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of AlloVir securities seek exclusion from the Settlement Class**.

| 11. How do I exclude myself from the Settlement Class? |
| --- |

38.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Zerbato v. AlloVir, Inc. et*

14

*al., No. 1:24-cv-10152-DJC*".  You cannot exclude yourself by telephone or e-mail.  Each request

for exclusion must also: (i) state the name, address, and telephone number of the person or entity

requesting exclusion, and in the case of entities, the name and telephone number of the appropriate

contact person; (ii) state the number of shares of AlloVir securities that the person or entity

requesting exclusion (a) owned as of the opening of trading on January 11, 2023, and (b)

purchased and/or sold during the Class Period, as well as the dates and prices of each such

purchase and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized

representative. A request for exclusion must be mailed, so that it is received no later than

_____, _____, to:

*AlloVir, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**You may not request exclusion by telephone or email. Your exclusion request must comply**

**with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

39.     If you have submitted a valid and timely request for exclusion, you may, at any

point up to the day of the Settlement Hearing, submit a written revocation of request for exclusion.

To revoke a prior request for exclusion, you must submit a written statement to the Claims

Administrator and/or to Lead Counsel, signed by you, stating your desire to revoke, retract or

withdraw your request for exclusion and to be bound by any judgment or settlement in the Action.

40.     If you ask to be excluded, do not submit a Claim Form because you cannot receive

any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because

you will not be a Settlement Class Member. However, if you submit a valid exclusion request,

you will not be legally bound by anything that happens in the Action, and you may be able to sue

(or continue to sue) Defendants in the future, assuming your claims are timely. If you have a

15

pending lawsuit against any of the Defendants, **please speak to your lawyer in the case immediately.**

**THE LAWYERS REPRESENTING YOU**

| **12. Do I have a lawyer in this case?** |
| --- |

41.    The Court appointed the law firm of Bernstein Liebhard LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13. How will the lawyers be paid?** |
| --- |

42.    Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award Plaintiff's Counsel attorneys' fees of no more than thirty-three and one third percent (33 1/3 %) of the Settlement Fund, which will include any accrued interest. Plaintiffs' Counsel are Bernstein Liebhard LLP and Hutchings Barsamian Mandelcorn, LLP. No other attorneys will share in the fee awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $100,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses of Lead Plaintiffs directly related to representation of the Settlement Class.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| **14. How do I tell the Court that I do not like something about the proposed Settlement?** |
| --- |

43.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.

16

You can ask the Court not to approve the Settlement, but you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

44.     To object, you must file and send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and litigation expenses in "*Zerbato v. AlloVir, Inc. et al.,* No. 1:24-cv-10152-DJC". Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documentation identifying the number of shares of AlloVir securities the person or entity purchased and sold during the Class Period, as well as the dates and prices of each such purchase and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Internet Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than _____, 2025 and** be mailed or delivered to each of the following counsel so that it is **received no later than _____, 2025.**

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|

17

**Clerk of the Court**
**U.S. District Court for the**
**District of Massachusetts**
John Joseph Moakley U.S.
Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

**Bernstein Liebhard LLP**
Michael S. Bigin, Esq.
Jeffery McEachern
10 East 40th Street
New York, NY  10016

**Goodwin Procter LLP**
Caroline H. Bullerjahn, Esq.
Justin D. Ward, Esq.
100 Northern Avenue
Boston, MA 02210

---

**15.  What is the difference between objecting and seeking exclusion?**

45.      Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

---

**16.  When and where will the Court decide whether to approve the proposed Settlement?**

46.      The Court will hold the Settlement Hearing on _____, 2025 at ____ _.m., before   the   Honorable   Denise   Casper.   in   Courtroom   11,   5th   floor   of   the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; and (ii) Lead Counsel's application for attorneys' fees and litigation expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

47.      You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to

18

be sure that the date and/or time has not changed, check the Settlement website at www.strategicclaims.net/allovir/, or periodically check the Court's website at https://www.mad.uscourts.gov/boston/casper.htm to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

| 17. Do I have to come to the Settlement Hearing? |
|---|

48.    No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2025.**

| 18. May I speak at the Settlement Hearing? |
|---|

49.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see Question 14), **no later than _____ __, 2025** a statement that you, or your attorney, intend to appear in "*Zerbato v. AlloVir, Inc. et al.*, No. 1:24-cv-10152-DJC (D. Mass.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

**IF YOU DO NOTHING**

**19.  What happens if I do nothing at all?**

50.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Defendants' Releasees concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (see Question 8 above). To start, continue or be part of any other lawsuit against Defendants or any other of the Defendants' Releasees concerning the Released Plaintiffs' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (see Question 11 above).

**GETTING MORE INFORMATION**

**20.  Are there more details about the Settlement?**

51.     This Notice contains only a summary of the proposed Settlement.  Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than _____, 2025, and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

52.     You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

53.     You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.strategicclaims.net/allovir/ or the website of Lead Counsel, www.bernlieb.com.

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

**21.  How will my claim be calculated?**

54.     As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the case website, www.strategicclaims.net/allovir/.

55.     To design the Plan, Lead Counsel have conferred with Lead Plaintiffs' consulting damages expert. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are

21

not intended to estimate the amounts that will actually be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making pro rata allocations of the Net Settlement Fund to Authorized Claimants.

56.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue. In this case, Lead Plaintiffs alleged that Defendants issued false statements and omitted material facts during the Class Period (January 11, 2023 through December 21, 2023, inclusive) that artificially inflated the price of AlloVir securities. It is alleged that corrective information released to the market after market close on December 21, 2023 impacted the market prices of AlloVir securities in a statistically significant manner and removed the alleged artificial inflation (or deflation) from the share prices on December 22, 2023. Accordingly, in order to have a compensable loss in this Settlement, the AlloVir securities must have been purchased during the Class Period and held through the alleged corrective disclosure.

57.     An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased AlloVir securities; and (c) whether and when the claimant sold his, her, or its shares of AlloVir securities.

58.     The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/allovir/.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

59.    For purposes of determining whether a Claimant has a Recognized Claim, purchases and sales of AlloVir securities will first be matched on a First In/First Out ("FIFO") basis.

60.    The Claims Administrator will calculate a "Recognized Loss Amount", as set forth below for each purchase of AlloVir securities during the Class Period that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

61.    For each share of AlloVir securities purchased during the Class Period and sold before the close of trading on December 22, 2023, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions).  To the extent that the calculation of the Out of Pocket Loss or a Recognized Loss results in a negative number, that number shall be set to zero.

**Plan of Allocation**

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS AMOUNTS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. Recognized Loss Amounts will be calculated as follows:

For AlloVir common stock purchased during the Class Period, the Recognized Loss Amount shall be calculated as follows:

- A. For shares sold on or before December 21, 2023, the Recognized Loss Amount per share shall be $0.00.

- B. For shares sold between December 22, 2023 and March 20, 2024, inclusive, the Recognized Loss Amount shall be the lesser of:
  - (i) $1.60 per share: or
  - (ii) the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

- C. For shares retained at the end of trading on March 20, 2024, the Recognized Loss Amount shall be the lesser of:
  - (i) $1.60 per share; or
  - (ii) the difference between the purchase price per share and $0.70 per share[3].

Table A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 12/22/2023 | $0.77 | $0.77 | 2/7/2024 | $0.67 | $0.69 |
| 12/26/2023 | $0.75 | $0.76 | 2/8/2024 | $0.67 | $0.69 |
| 12/27/2023 | $0.70 | $0.74 | 2/9/2024 | $0.72 | $0.69 |
| 12/28/2023 | $0.68 | $0.72 | 2/12/2024 | $0.70 | $0.69 |
| 12/29/2023 | $0.68 | $0.71 | 2/13/2024 | $0.67 | $0.69 |
| 1/2/2024 | $0.69 | $0.71 | 2/14/2024 | $0.67 | $0.69 |
| 1/3/2024 | $0.64 | $0.70 | 2/15/2024 | $0.69 | $0.69 |
| 1/4/2024 | $0.67 | $0.70 | 2/16/2024 | $0.70 | $0.69 |

---

[3]Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $0.70 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on December 22, 2023 and ending March 20, 2024.

24

| | | | | | |
|---|---|---|---|---|---|
| 1/5/2024 | $0.65 | $0.69 | 2/20/2024 | $0.70 | $0.69 |
| 1/8/2024 | $0.67 | $0.69 | 2/21/2024 | $0.71 | $0.69 |
| 1/9/2024 | $0.68 | $0.69 | 2/22/2024 | $0.70 | $0.69 |
| 1/10/2024 | $0.70 | $0.69 | 2/23/2024 | $0.70 | $0.69 |
| 1/11/2024 | $0.66 | $0.69 | 2/26/2024 | $0.72 | $0.69 |
| 1/12/2024 | $0.69 | $0.69 | 2/27/2024 | $0.73 | $0.69 |
| 1/16/2024 | $0.67 | $0.69 | 2/28/2024 | $0.71 | $0.69 |
| 1/17/2024 | $0.67 | $0.69 | 2/29/2024 | $0.74 | $0.69 |
| 1/18/2024 | $0.69 | $0.69 | 3/1/2024 | $0.75 | $0.70 |
| 1/19/2024 | $0.68 | $0.69 | 3/4/2024 | $0.74 | $0.70 |
| 1/22/2024 | $0.68 | $0.69 | 3/5/2024 | $0.73 | $0.70 |
| 1/23/2024 | $0.67 | $0.68 | 3/6/2024 | $0.73 | $0.70 |
| 1/24/2024 | $0.67 | $0.68 | 3/7/2024 | $0.74 | $0.70 |
| 1/25/2024 | $0.69 | $0.68 | 3/8/2024 | $0.73 | $0.70 |
| 1/26/2024 | $0.71 | $0.69 | 3/11/2024 | $0.72 | $0.70 |
| 1/29/2024 | $0.71 | $0.69 | 3/12/2024 | $0.74 | $0.70 |
| 1/30/2024 | $0.72 | $0.69 | 3/13/2024 | $0.73 | $0.70 |
| 1/31/2024 | $0.72 | $0.69 | 3/14/2024 | $0.73 | $0.70 |
| 2/1/2024 | $0.77 | $0.69 | 3/15/2024 | $0.78 | $0.70 |
| 2/2/2024 | $0.69 | $0.69 | 3/18/2024 | $0.73 | $0.70 |
| 2/5/2024 | $0.67 | $0.69 | 3/19/2024 | $0.75 | $0.70 |
| 2/6/2024 | $0.69 | $0.69 | 3/20/2024 | $0.75 | $0.70 |

## ALLOVIR CALL AND PUT OPTION RECOGNIZED LOSS AMOUNT CALCULATIONS

i.    For each AlloVir call option purchased or otherwise acquired during the Class Period, the Recognized Loss Amount per option shall be calculated as follows:

> I.For each AlloVir call option not held at the opening of trading on December 22, 2023, the Recognized Loss is $0.00.

> II.For each AlloVir call option purchased during the period January 11, 2023 through December 21, 2023, inclusive, and held at the opening of trading on December 22, 2023, the Recognized Loss Amount is the purchase price minus the intrinsic value of AlloVir call option on December 22, 2023, where the intrinsic value is the *greater of:* (i) $0.00 or (ii) $0.77[4] per share *minus* the strike price of the option.

No Recognized Loss Amount shall be calculated based upon the purchase or acquisition of any AlloVir call option that had been previously sold or written.

ii.    For each AlloVir put option written during the Class Period, the Recognized Loss Amount per option shall be calculated as follows:

> I.For each AlloVir put option not open (*i.e.*, not outstanding) at the opening of trading on December 22, 2023, the Recognized Loss is $0.00.

---

[4] $0.77 is the closing price of AlloVir common stock on December 22, 2023.

II. For each AlloVir put option sold during the period January 11, 2023 through December 21, 2023, inclusive, and still outstanding at the opening of trading on December 22, 2023, the Recognized Loss Amount is the intrinsic value of the Allovir put option on December 22, 2023 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $0.77.

No Recognized Loss shall be calculated based upon the sale or writing of any AlloVir put option that had been previously purchased or acquired.

**Common Stock Purchased/Sold Through the Exercise of Options:** With respect to AlloVir common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the closing price of AlloVir common stock on the exercise date. Any Recognized Loss Amounts arising from purchases of AlloVir common stock acquired during the Class Period through the exercise of an option on AlloVir common stock shall be computed as provided for other purchases of AlloVir common stock in the Plan of Allocation

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel, or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

74.     If a Settlement Class Member has more than one purchase or sale of AlloVir securities during the Class Period, all purchases and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

75.     Purchases and sales of AlloVir securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of AlloVir securities during the Class Period shall not be deemed a purchase or sale of these shares of AlloVir securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment

26

of any claim relating to the purchase of such shares of such AlloVir securities unless (i) the donor or decedent purchased such shares of AlloVir securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of AlloVir securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

76.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero.

77.    In the event that a Claimant has an opening short position in AlloVir securities at the start of the Class Period, the earliest Class Period purchases shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases that covers such short sales will not be entitled to recovery.  In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

78.    AlloVir securities are the only securities eligible for recovery under the Plan of Allocation.

79.    An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If the Net

Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund (95% of which will be purchasers of AlloVir common stock and 5% of which will be for buyers or sellers of AlloVir options), the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

80.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

81.    Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

82.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) six (6) months after the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Costs, Taxes, attorneys' fees and expenses, and any award to Lead Plaintiffs, the Claims Administrator shall, if economically feasible, reallocate (which reallocation may occur on multiple occasions) such balance as follows: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least

28

$10.00 from such subsequent distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this subsequent distribution, if such subsequent distribution is economically feasible. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Costs, Taxes, and attorneys' fees and expenses and any award to Lead Plaintiffs, and after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, shall be donated to Greater Boston Legal Services.

83.    Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court.

84.    Lead Plaintiffs, Defendants, their respective counsel, Defendants' Releasees, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

85.    If you purchased AlloVir securities during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, YOU MUST EITHER: (a) provide

to the Claims Administrator the name, last known address, and email address of each such person or entity; (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and WITHIN SEVEN (7) DAYS of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request a link to the electronic Internet Notice and Claim Form from the Claims Administrator, and WITHIN SEVEN (7) DAYS of receipt thereof, email the link directly to all purchasers for which email addresses are available. If they are available, you must also provide the Claims Administrator with the e-mails of the beneficial owners. If you choose to follow procedures (b) or (c), the Court has also directed that, upon making that mailing or emailing, YOU MUST SEND A STATEMENT to the Claims Administrator confirming that the mailing or emailing was made as directed and keep a record of the names, mailing addresses, and email addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation, up to a maximum of $0.02 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.02 per link to the Internet Notice and Claim Form emailed; or $0.02 per name, address, and email address provided to the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator:

*AlloVir, Inc. Securities Litigation*
c/o Strategic Claims Services
P. O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/allovir/

Dated: _____, 2025                    BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE DISTRICT OF
                                        MASSACHUSETTS

30

**EXHIBIT A-2**

**PROOF OF CLAIM AND RELEASE FORM**

**"CLAIM FORM"**

**Deadline for Submission:** _____

If you purchased AlloVir, Inc. ("AlloVir" or the "Company") securities from January 11, 2023 through December 21, 2023, inclusive (the "Class Period"), you may be a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period; any person who served as an officer (as defined in Securities Exchange Act Rule 16a-1(f)) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors, heirs, and assigns of any excluded person. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request exclusion that is accepted by the Court.)

If you are a Settlement Class Member, you must complete and submit this form in order to be eligible for any settlement benefits.

Most claimants submit their Proof of Claim and Release Form electronically. To file your claim electronically, you must complete and submit the form online at www.strategicclaims.net/allovir/ no later than 11:59 p.m. ET on \_\_\_\_\_, 2025. However, you may alternatively complete and sign this Proof of Claim and Release Form and mail it by first class mail, postmarked no later than _____, 2025, to Strategic Claims Services, the Claims Administrator, at the following address:

AlloVir, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your Claim Form by _____, 2025 will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your Claim Form to the Court or to any of the parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Proof of Claim and Release Form, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself. Submission of a Proof of Claim and Release Form does not assure that you will share in the proceeds of the Settlement.

1

**CLAIMANT'S STATEMENT**

1. I (we) purchased the securities of AlloVir, Inc. ("AlloVir") between January 11, 2023 and December 21, 2023, inclusive ("the Class Period"). (Do not submit this Proof of Claim and Release Form if you did not purchase AlloVir securities during the Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Internet Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant(s) in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Internet Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Internet Notice; that I (we) elect to participate in the proposed Settlement described in the Internet Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of AlloVir securities, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have provided photocopies or scanned stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of AlloVir securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. DO NOT SEND STOCK CERTIFICATES.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Internet Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates) of each of the "Defendants' Releasees" of all "Released Claims."

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Internet Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Defendants' Releasees.

9.  "Defendants' Releasees" means each of the Defendants and his, her or its respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, controlling shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

10. "Released Defendants' Claims" means, to the fullest extent that the law permits their release, as against Lead Plaintiffs, all members of the Settlement Class, and Lead Counsel, all claims or causes of action of every nature and description, whether known or unknown, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for (i) claims relating to the enforcement of the Settlement or this Stipulation, or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. "Released Defendants' Claims" include "Unknown Claims," as defined herein.

11. "Released Plaintiffs' Claims" means, to the fullest extent that the law permits their release, as against Defendants' Releasees, any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative

3

law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class, direct, indirect, or individual in nature, that previously existed, currently exist, exist as of the date of Court approval of the Settlement, or that may arise in the future, that Plaintiffs or any other member of the Settlement Class asserted in the complaints in the Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) that arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Action or the complaints in the Action, or that in any way arise out of, are based upon, relate to, or concern any purchase of AlloVir securities during the Settlement Class Period. This release shall not include any claims arising out of any derivative action. This release does not release or impair any claims relating to the enforcement of the Settlement.  "Released Plaintiffs' Claims" include "Unknown Claims," as defined herein.

12. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

13. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar comparable or equivalent to California Civil Code §1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

14. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally and forever settle and release any and all Released Claims, known or unknown,

4

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

15. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation and Agreement of Settlement, dated April 14, 2025 ("Stipulation") was separately bargained for and is a material element of the Settlement of which this release is a part.

16.  NOTICE REGARDING ELECTRONIC FILES: Representatives with the authority to file on behalf of (a) accounts of multiple persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple persons and institutional accounts, but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The Claims Administrator reserves the right to request additional documentary proof regarding transactions and holdings in the Company's shares to prove and accurately process the Proof of Claim and Release Form. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing the file with claim number(s) and respective account information. Do not assume that the file has been received or processed until the Claims Administrator sends a confirmation email. If you do not receive such an email within 10 days of submission, please contact the electronic filing department at efile@strategicclaims.net to inquire about the file and confirm it was received and acceptable.

17. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/allovir/.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

## I.    CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                          State                Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                       Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

---

[1] If the account number is unknown, you may leave blank. If filing for multiple accounts, file a separate Claim Form for each account.

6

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)    ☐ Pension Plan        ☐ Trust        ☐ Corporation

☐ Estate            ☐ IRA/401(k)        ☐ Other _____ (please

specify)

## II.   SCHEDULE OF TRANSACTIONS IN ALLOVIR COMMON STOCK

| 1.   **Beginning Holdings**– State the total number shares of AlloVir common stock held at the opening of trading on January 11, 2023. (Must be documented.)  If none, write "zero" or "0." | Confirm Proof of Position Enclosed ☐ | **IF NONE, CHECK HERE** ☐ |
|---|---|---|

**2.  Purchases**– Separately list each and every purchase of AlloVir common stock from after the opening of trading on January 11, 2023 through and including the close of trading on March 20, 2024. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /  / |  | $ | $ | ☐ |
| /  / |  | $ | $ | ☐ |
| /  / |  | $ | $ | ☐ |
| /  / |  | $ | $ | ☐ |
| /  / |  | $ | $ | ☐ |

**3. Sales**– Separately list each and every sale/disposition (including free deliveries) of AlloVir common stock from after the opening of trading on January 11, 2023 through and including the close of trading on March 20, 2024. (Must be documented.)   **IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /  / |  | $ | $ | ☐ |
| /  / |  | $ | $ | ☐ |
| /  / |  | $ | $ | ☐ |
| /  / |  | $ | $ | ☐ |
| /  / |  | $ | $ | ☐ |

EXHIBIT A-2

| **4. Ending Holdings –** State the total number of AlloVir common stock held at the close of trading on March 20, 2024. (Must be documented.) If none, write "zero" or "0." | **Confirm Proof of Position Enclosed** ☐ |
|---|---|

## III. SCHEDULE OF TRANSACTIONS IN ALLOVIR CALL AND PUT OPTIONS

**1. BEGINNING HOLDINGS:** Separately list all positions in AlloVir call and/or put option contracts in which you had an open interest as of the opening of trading on January 11, 2023. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Option Type (Call or Put) | Strike Price of Call/Put Option Contract | Expiration Date of Call/Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call/Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|---|
| | $ | | | |
| | $ | | | |
| | $ | | | |
| | $ | | | |

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD:** Separately list each and every purchase or acquisition of AlloVir call and/or put option contracts between January 11, 2023 and December 21, 2023, both dates inclusive. (Must be documented.)

| Option Type (Call or Put) | Date of Purchase/ Acquisition (List Chronologically) (Month/Day/ Year) | Strike Price of Call/Put Option Contact | Expiration Date of Call/Put Option Contract (Month/Day/ Year) | Option Class Symbol | Number of Call/Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call/Put Option Contract | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise/ Assignment/ Expiration Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| | | $ | | | | $ | | |
| | | $ | | | | $ | | |
| | | $ | | | | $ | | |
| | | $ | | | | $ | | |

**3. SALES DURING THE CLASS PERIOD:** Separately list each and every sale of AlloVir call and/or put options between January 11, 2023 and December 21, 2023, both dates inclusive. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Option Type (Call or Put) | Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call/Put Option Contract | Expiration Date of Call/Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call/Put Option Contracts | Sale Price Per Call/Put Option Contract |
|---|---|---|---|---|---|---|
|  |  | $ |  |  |  | $ |
|  |  | $ |  |  |  | $ |
|  |  | $ |  |  |  | $ |
|  |  | $ |  |  |  | $ |

**4. ENDING HOLDINGS:** Separately list all positions in AlloVir call option contracts in which you had an open interest as of the opening of trading on December 22, 2023. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Option Type (Call or Put) | Strike Price of Call/Put Option Contract | Expiration Date of Call/Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call/Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|---|
|  | $ |  |  |  |
|  | $ |  |  |  |
|  | $ |  |  |  |
|  | $ |  |  |  |

## IV.    SUBSTITUTIVE FORM W-9

**Request for Taxpayer Identification Number**

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | Or | Taxpayer Identification (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## V.    CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Internet Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any

10

other claim covering the same purchases or sales of AlloVir securities during the Class Period and know of no other person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
 (Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, *e.g.* beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (*See* Item 2 under Claimant's Statement)

Date: _____


**To file this Proof of Claim and Release Form electronically, please visit the AlloVir case website, www.strategicclaims.net/allovir/. The case website has a link called "Online Claim Form" that will direct you to the electronic filing system. Once you click the Online Claim Form link, you will be given detailed instructions for filling out and submitting your Proof of Claim and Release Form online. Please read the instructions carefully and make sure that you have the information and documents necessary to complete your online claim. You will need to provide the contact information and list of transactions stated in the instructions, as well as attach the documentation listed in paragraph 5 on page 2 of this Proof of Claim and Release Form, in order to submit your claim electronically. If you do not provide all of the information and documents required, you will not be able to proceed with your submission through the electronic filing system. If you experience any issues while filling out your Proof of Claim and Release Form electronically, or if you have any questions about filing, you may contact the Claims Administrator via email at info@strategicclaims.net or by toll-free phone at (866) 274-4004.**

IF YOU CHOOSE TO FILE YOUR CLAIM BY MAIL, THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN _____, 2025 AND MUST BE MAILED TO:

11

AlloVir, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when postmarked if mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator. You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

- Please be sure to sign this Proof of Claim and Release Form on page 1. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach or scan supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

- If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

12

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA, <br><br> Defendants. | Case No. 1:24-cv-10152-DJC <br><br> **CLASS ACTION** |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED
SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND
EXPENSES, AND SETTLEMENT FAIRNESS HEARING**

**To:** **All persons or entities who purchased the securities of AlloVir, Inc. ("AlloVir") during the period from January 11, 2023 to December 21, 2023, inclusive ("Settlement Class").**

Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated April 14, 2025 ("Stipulation") and the Internet Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED
BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**

**ADDITIONAL INFORMATION ABOUT THE SETTLEMENT IS AVAILABLE ON
THE SETTLEMENT WEBSITE,
www.strategicclaims.net/allovir/**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court"), that the Court-appointed Lead Plaintiffs, on behalf of themselves and the proposed Settlement Class, and defendants AlloVir, Diana M. Brainard, and Vikas Sinha, (collectively, the "Defendants") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $1,000,000 (the "Settlement").

A hearing will be held before the Honorable Denise Casper, on _____, 2025, at ____ _.m., in the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 (the "Settlement Hearing") to, among other things, to determine whether to: (i) approve the proposed Settlement as fair,

reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation; (iii) certify the Action as a class action on behalf of the Settlement Class, certify Lead Plaintiffs as Class Representatives for the Settlement Class, and appoint Lead Counsel as Class Counsel for the Settlement Class; (iv) approve Lead Counsel's application for an award of attorneys' fees of up to thirty-three and one third percent (33 1/3 %) of the Settlement Fund and reimbursement of Litigation Expenses of up to $100,000, which includes costs and expenses to Lead Plaintiffs; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may change the date of the Settlement Hearing, or hold it telephonically, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT, AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** You may obtain a Claim Form and review the Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Internet Notice") on the website www.strategicclaims.net/allovir/ or by contacting the Claims Administrator at:

*AlloVir, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net
https://www.strategicclaims.net/allovir/

Inquiries, other than requests for the Internet Notice and Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**BERNSTEIN LIEBHARD LLP**
Michael S. Bigin, Esq.
10 East 40th Street, 28th Floor
New York, NY 10016
212-779-1414
bigin@bernlieb.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked (if mailed) or submitted online* at **www.strategicclaims.net/allovir/ ("Case Website") no later than _____ __, 2025**. Read the instructions carefully, fill out the Claim Form in accordance with the instructions set forth in

the Claim Form, and sign it in the location indicated. The Case Website also includes instructions on downloading your transaction data directly from your brokerage so that you do not have to manually enter each transaction.  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Internet Notice such that it is *received* **no later than** _____ __, **2025**. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses or awards to Lead Plaintiffs must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Internet Notice, such that they are *received* **no later than** _____ __, **2025.**

SO ORDERED this _____ day of _____, 2025.


The Honorable Denise Casper
United States District Court Judge

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

Important Notice about a Securities
Class Action Settlement

You may be entitled to a payment.
This Notice may affect your legal
rights.

Please read it carefully.

Case Pending in the United States
District Court for the District of
Massachusetts.

*Case Number: 1:24-cv-10152-DJC*

*AlloVir, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT WWW.STRATEGICCLAIMS.NET/ALLOVIR/ FOR MORE INFORMATION.*

The United States District Court for the District of Massachusetts has preliminarily approved a proposed class action Settlement of all claims in the action captioned *Zerbato v. AlloVir, Inc. et al.*, No. 1:24-cv-10152-DJC. The Settlement resolves all of the claims that Defendants violated the Securities Exchange Act of 1934 by making allegedly false and misleading statements and omissions to the investing public, which allegedly caused the Settlement Class to purchase AlloVir, Inc. ("AlloVir") securities at artificially inflated prices. Defendants expressly deny all of Lead Plaintiffs' allegations of wrongdoing or liability whatsoever and deny that the Settlement Class Members' alleged losses are compensable under the securities laws.

You received this Postcard Notice because you or someone in your family may have purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants and other Defendants' Releasees, a fund consisting of $1,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Claim Form"). The Claim Form can be found on the website, www.strategicclaims.net/allovir/, or will be mailed to you upon request to the Claims Administrator at the address below.

For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement, the Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Internet Notice"), and Claim Form by visiting the website: www.strategicclaims.net/allovir/. You may also request copies of the Internet Notice and Claim Form from the Claims Administrator through any of the following ways: (1) mail: AlloVir, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net. **To qualify for payment, you must submit a Claim Form.**

Claim Forms must be electronically submitted by 11:59 p.m. ET on _____, 2025. Mailed Claim Forms must be postmarked by _____, 2025. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2025 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 2025. The detailed Internet Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a final settlement hearing in this case on _____ , 2025 at __:__ ___.m. at the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Suite 2300 Boston, Massachusetts 02210, to consider whether to

approve the Settlement, the Plan of Allocation, and the Court will hear Class Counsel for up to thirty-three and one-third percent (33 1/3%) of the Settlement Fund for attorneys' fees, plus up to $100,000 for Litigation Expenses, including PSLRA awards for each of the Lead Plaintiffs. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll free (866-274-4004) or visit the website www.strategicclaims.net/allovir/.

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA,<br><br>Defendants. | Case No. 1:24-cv-10152-DJC<br><br>**CLASS ACTION** |

## [PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL

**WHEREAS:**

A.      A securities class action is pending in this court entitled *Zerbato v. AlloVir, Inc. et al.*, No. 1:24-cv-10152-DJC (the "Action");

B.      Lead Plaintiffs Julio Maurice Bueno and Harry Levin ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendants AlloVir, Inc. ("AlloVir" or the "Company"), Diana M. Brainard, and Vikas Sinha (the "Individual Defendants" and together with AlloVir the "Defendants" and together with both AlloVir and Lead Plaintiffs, the "Parties"), have entered into a Stipulation and Agreement of Settlement, dated April 14, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action, in their entirety as against all Defendants, on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

C.      Unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

D.      Pursuant to the Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement, entered _____, 2025 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

E.      Due and adequate notice has been given to the Settlement Class;

F.      The Court conducted a hearing on _____, 2025 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

G.      The Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED:

1.      **Jurisdiction**.  The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents**. This Judgment incorporates and makes a part hereof the Stipulation and the exhibits thereto, filed with the Court on or before April 18, 2025.

3.    **Class Certification for Settlement Purposes**.  The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23 (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive (the "Class Period") and who were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Class Period; any person who served as an officer (as defined in Securities Exchange Act Rule 16a-1(f)) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors, heirs, and assigns of any excluded person.  [Also excluded from the Settlement Class are any persons or entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.    **Settlement Class Findings**. For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests

3

of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

5.    **Adequacy of Representation**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel Bernstein Liebhard LLP as Class Counsel for the Settlement Class. Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.    **Notice**.  The Court finds that the dissemination of the Postcard Notice, Internet Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the

4

Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715 et seq., were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment, except those persons and entities listed on Exhibit 1 to this Judgment.

7.    **Final Settlement Approval and Dismissal of Claims**. Pursuant to, and in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Net Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect.** The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment].

10.     **Releases**.  The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 11 below, upon the Effective date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and all of the Defendants' Releasees, and shall forever be barred and enjoined from bringing, asserting, or prosecuting any or all of the Released Plaintiffs' Claims against Defendants or the other Defendants' Releasees.

(b)      Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, each of the Defendants on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and all of the Plaintiffs' Releasees, and shall forever be barred and enjoined from bringing, asserting or prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

11.      Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the parties or any Releasee to enforce or effectuate the terms of the Stipulation or this Judgment.

12.      **Rule 11 Findings**. The Court finds and concludes that the parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.      **No Admissions**. Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      Shall be offered against any Defendant or any other of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any Defendant or any other of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any Defendant or any other of the Defendants' Releasees or in any way referred to for any other reason as against any Defendant or any other of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)      Shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any Defendant or any other of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)      Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to and rely on this Judgment and the

8

Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement, including but not limited to by filing the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Class Distribution Order; and (e) the Settlement Class Members for all matters relating to the Action.

15.    A separate order shall be entered regarding the motion of Lead Counsel for attorneys' fees and Litigation Expenses. Any appeal from any order relating thereto or reversal or modification thereof, shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.    **Modification of the Agreement of Settlement**.  Without further approval from the Court, Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement**. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

18. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of _____, 2025

_____
HONORABLE DENISE CASPER,
UNITED STATES DISTRICT
COURT JUDGE

10