# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, MICHAEL E. PORTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON,<br><br>Defendants. | **Case No.: 16-cv-10471-WGY** |

## [PROPOSED] ORDER AND FINAL JUDGMENT

Case 1:24-cv-10152-DJC Document 69-5 Filed 04/17/25 Page 3 of 44

This matter came before the Court for a hearing on the 13th day of July, 2017, on the application of the Settling Parties for approval of the Settlement set forth in the Amended Stipulation of Settlement dated March 1, 2017 (the "Settlement Stipulation").

It appearing in the record that (a) the Notice substantially in the form approved by the Court in the Court's Preliminary Approval Order dated March 23, 2017 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and (b) the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

The Court having considered all papers filed and proceedings in the Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over the Settling Parties.

3. The Court finds, for purposes of this Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement

1

Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the
Settlement Class; (e) questions of law and fact common to the members of the Settlement Class
predominate over any questions affecting only individual members of the Settlement Class; and
(f) a class action is superior to other available methods for the fair and efficient adjudication of
this Action.

4. The Court hereby finally certifies this action as a class action for purposes of the
Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf
of the "Settlement Class," defined as all Persons (except Defendants, members of the immediate
family of any individual defendant, any entity in which any Defendant has more than a 50%
ownership interest, or which any Defendant controls, and the legal representatives, heirs,
successors, or assigns of any such excluded party) who purchased or otherwise acquired PTC
common stock during the period from November 24, 2011 through July 29, 2015 inclusive,
including any Persons who sold PTC shares short and then purchased shares to cover that short
position during the Settlement Class Period, and excluding those Persons who timely and validly
request exclusion from the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the
Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Settlement
Class ("Class Representative") and Lead Plaintiff's Counsel previously selected by Lead
Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Settlement
Class ("Lead Counsel").

6. In accordance with the Court's Preliminary Approval Order, the Court hereby
finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms
and conditions: (a) met the requirements of due process, Rule 23 of the Federal Rules of Civil

Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 and all other applicable laws; (b) constituted the best notice practicable under the circumstances; (c) were reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement, to appear at the Settlement Hearing, to exclude themselves from the Settlement Class, as well as the binding effect of the orders and judgments in this Action; and (d) constituted due and sufficient notice to all those entitled thereto. No Settlement Class Member shall be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

7.      The Settlement is hereby approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. The Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, Settlement Class Members and Defendants. All Settlement Class Members are hereby bound by this Order and Final Judgment ("Final Judgment"). The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation. In support of this finding, the Court hereby finds that: (a) prosecuting the action would be highly complex, and would require Lead Plaintiff to prove Defendants' knowledge of PTC subsidiaries' alleged wrongful acts in China over a period of almost five years; (b) there have been no objections to the Settlement or requests for exclusion; (c) the

3

Action was sufficiently advanced to permit Lead Plaintiff to evaluate the case and its merits; (d) there would be significant risks of establishing liability, including the risk that Lead Plaintiff would not be able to establish that Defendants did not believe in good faith that they had disclosed all relevant information to the authorities and simply did not appreciate that they had omitted to disclose relevant information; (e) there would be a risk of establishing damages, in that Lead Plaintiff may not be able to disaggregate the portion of the fall in PTC's stock price caused by the disclosure of allegedly fraudulent news, if any, from the portion caused by other non-fraud causes; (f) Defendants would challenge Lead Plaintiff's adequacy given his relatively small financial stake in the controversy; (g) under Lead Plaintiff's calculations, the Settlement recovers 4.2% of maximum total damages, which is a fair, reasonable, and adequate recovery given that this case is exceptionally difficult.

8. The Action and all of the Released Claims are dismissed with prejudice as against each and all of the Defendants. The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. In accordance with Paragraph 1.25 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Releasing Parties" shall mean: Lead Plaintiff, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

10. In accordance with Paragraph 1.23 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Parties" shall mean: (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or

4

affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, immediate family members, and anyone acting or purporting to act for or on behalf of any of them or their successors; and (c) the legal representatives, predecessors, successors and assigns of any of the foregoing.

11. In accordance with Paragraph 1.22 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Claims" shall mean: to the fullest extent permitted by law or equity, any and all Claims by any Settlement Class Member against any of the Released Parties that (a) arise out of or are based upon any of the allegations, facts, circumstances, transactions, statements, misstatements, omissions, or subject matters that were alleged in the Action or that could have been alleged in the Action or that could in the future be alleged in any forum based upon the facts alleged in the Action; and (b) arise out of or are based upon the purchase, acquisition or sale of PTC common stock during the Settlement Class Period, *provided, however*, that Released Claims do not include Claims to enforce the Settlement Stipulation.

12. In accordance with Paragraph 1.24 of the Settlement Stipulation, for purposes of this Final Judgment, the term "Released Parties' Claims" shall mean: all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, that arise out of or are based upon the institution, prosecution, or Settlement of this

5

Action, including but not limited to all claims for malicious prosecution or sanctions. "Released Parties' Claims" do not include claims to enforce any of the terms of the Settlement Stipulation or the Final Judgment.

13.     The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from instituting, continuing, asserting or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any of the Released Parties.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Final Judgment.

14.     Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, Settlement Class Members and Lead Counsel from all Released Parties' Claims, and shall be permanently enjoined from prosecuting the Released Parties' Claims against Lead Plaintiff, Settlement Class Members and Lead Counsel. Nothing contained herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Final Judgment.

15.     All Persons whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons may not pursue any Released Claims on behalf of those who are bound by this Final Judgment.

16.     To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of or based upon such Person's participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Final Judgment shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

17.     The Court finds that all Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 as to all proceedings herein.

18.     This Final Judgment, the Settlement Stipulation, any of their respective terms and provisions, and any negotiations, proceedings or agreements relating to the Settlement Stipulation, as well as all matters arising in connection with such negotiations, proceedings or

agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Stipulation:

(a)    shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

(b)    shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(c)    shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

(d)    shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Stipulation; provided, however, that if the Settlement Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

(e)    shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

8

(f)      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

(g)      shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

19.      The Released Parties may file or introduce the Settlement Stipulation and/or this Final Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to otherwise enforce the terms of the Stipulation or this Final Judgment.

20.      Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

21.      Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including to the Claims Administrator; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and any Lead Plaintiff Award; and (d) all Settling Parties for the purpose of construing, enforcing and administering the Settlement.

9

22.     Without further order of the Court, the Defendants and Lead Plaintiff may agree in writing to such amendments, modifications, and expansions of the Settlement Stipulation, and reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation, provided that such amendments, modifications, expansions and extensions do not materially limit the rights of Settlement Class Members or the Released Parties under the Settlement Stipulation.

23.     The finality of this Final Judgment approving the Settlement shall not be affected, in any manner, by rulings that the Court has made, or may in the future make, on the Plan of Allocation, Lead Counsel's application for an award of attorneys' fees and expenses, or any award to the Class Representative, or any appeal or modification of any orders relating to the foregoing.  Such matters shall be considered separate from final approval of the Settlement.

24.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

25.     Lead Counsel are hereby awarded 33 $^{1/3}$% of the Settlement Amount in fees, which the Court finds to be fair and reasonable, and $12,211.90 in reimbursement of expenses. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Lead Counsel or any other person in connection with the allocation of attorneys' fees and expenses. Lead Plaintiff is hereby awarded $2,500, which the Court finds to be fair and reasonable. The Court has reviewed Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and an Award to Lead Plaintiff, and finds that: (a) no Class Members objected to the award of attorneys' fees, reimbursement of expenses or the award to

10

Lead Plaintiff; (b) Lead Counsel's skill and efficiency was demonstrated by quickly reaching an excellent settlement; (c) the Action was complex; (d) there was a substantial risk that the litigation would be unsuccessful, as demonstrated by the fact that no other law firms were willing to accept the Action; (e) Lead Counsel and Liaison Counsel devoted 272.55 hours to prosecuting the Action; and (f) Lead Counsel obtained a significant benefit for the Class.

26.     In the event the Settlement does not become effective in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Final Judgment shall be null and void to the extent provided by and in accordance with the Settlement Stipulation, and shall be vacated, and in such event, the provisions of Paragraph 10.6 of the Settlement Stipulation shall apply.

27.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: July 14, 2017

_William G. Young_
HON. WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

11

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MATTHEW CRANDALL, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PTC INC., JAMES HEPPELMANN, JEFFREY GLIDDEN, ANDREW MILLER, ROBERT P. SCHECHTER, PAUL A. LACY, THOMAS BOGAN, and DONALD K. GRIERSON,<br><br>Defendants. | **Case No.: 16-cv-10471-WGY** |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of January 13, 2017, which is entered into by and among (i) the Lead Plaintiff Matthew Crandall, on behalf of himself and on behalf of the Settlement Class (as defined herein), and (ii) the Defendants (as defined herein), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the final approval of the United States District Court for the District of Massachusetts (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

### A.      The Action

On March 7, 2016, Mr. Crandall filed a putative class action lawsuit in the Court (the "Action") alleging violations of the Securities Exchange Act of 1934 against PTC Inc., James Heppelmann, Jeffrey Glidden, Andrew Miller, PricewaterhouseCoopers LLP, Renato Zambonini, Robert P. Schechter, Michael E. Porter, Paul A. Lacy, Thomas Bogan, Donald K. Grierson, C. Richard Harrison, and Janice Chaffin.

In May 2016, the Court appointed Mr. Crandall as Lead Plaintiff, and appointed his chosen counsel, The Rosen Law Firm, P.A., as Lead Counsel pursuant to the Private Securities Litigation Reform Act (the "PSLRA"). Dkt. # 24.

On July 11, 2016, Lead Plaintiff, individually and on behalf of all others similarly situated, filed his Amended Class Action Complaint for Violations of Federal Securities Laws (dkt. # 28) (the "Complaint"), against Defendants PTC Inc. ("PTC"), Heppelmann, Glidden, Miller, Schechter, Lacy, Bogan, and Grierson (the "Defendants").[1]

On August 30, 2016, Defendants filed their Motions to Dismiss the Complaint (dkt. # 30) (the "Motion to Dismiss") which Lead Plaintiff opposed on October 14, 2016 (dkt. # 37).

While the Parties briefed Defendants' Motion to Dismiss, the Parties began to engage in settlement discussions, which resulted in a Memorandum of Understanding signed on November 1, 2016.

---

[1] Michael E. Porter was named as a defendant in the Amended Complaint filed on July 11, 2016, but Plaintiff filed a notice stating that Michael E. Porter inadvertently had been named as a defendant, and that Plaintiff "does not assert claims against Mr. Porter." *See* Notice of Errata (filed July 15, 2016) (Dkt.#29).

Throughout the course of the Action, Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action, including in the Complaint. Without limiting the generality of the foregoing in any way, Defendants have denied and continue to deny, *inter alia*, that any misstatements or materially misleading omissions were made, that Lead Plaintiff and the Settlement Class have suffered any damages, that the wrongdoing alleged in the Complaint caused Lead Plaintiff and the Settlement Class any damages, and that Lead Plaintiff and the Settlement Class were harmed by the conduct alleged in the Action.

Defendants enter into this Stipulation to eliminate the uncertainties, burden and expense of further litigation. Nothing in this Stipulation shall be construed as an admission by either Defendants or any of the Released Parties of any wrongdoing, fault, liability, or damages whatsoever.

Lead Plaintiff believes that the claims asserted in the Action have merit. Lead Plaintiff, however, recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Lead Plaintiff has also taken into account the uncertain outcome and the risk of any litigation. In particular, Lead Plaintiff has considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses asserted by Defendants during the litigation, in motions on the pleadings or during settlement negotiations. Lead Plaintiff has therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Lead Plaintiff, on behalf of himself and on behalf of the Settlement Class, and

Defendants, by and through their respective undersigned counsel that, subject to the final approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

### 1.    Definitions

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

**1.1.**        "Action" means the putative class action captioned *Crandall v. PTC Inc., et al*, Case No. 16-cv-10471-WGY (D. Mass.).

**1.2.**        "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees and expenses.

**1.3.**        "Alternate Judgment" is defined in Paragraph 10.3(d) below.

**1.4.**        "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

**1.5.** "Business Day" means any day except Saturday or Sunday or any legal holiday, as defined in Federal Rule of Civil Procedure 6(a)(6)(A).

**1.6.** "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

**1.7.** "Claims" means any and all manner of claims, demands, rights, actions, disputes, debts, causes of action and liabilities, of every nature and description whatsoever (including but not limited to claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether class, individual, derivative or otherwise in nature, whether based in law or equity, arising under federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, asserted or unasserted, matured or unmatured, liquidated or unliquidated, including both known and Unknown Claims.

**1.8.** "Claims Administrator" means Strategic Claims Services or such other entity as the Court shall appoint to administer the Settlement.

**1.9.** "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

**1.10.** The "Escrow Agent" means The Rosen Law Firm, P.A. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.11.** "Effective Date" means the first date by which all of the events and conditions specified in ¶ 10.3 of this Stipulation have been met and have occurred.

**1.12.** "Final" means, with respect to any order of court, including but not limited to the Final Judgment, the latest to occur of the following: (i) the date as of which the time to seek review, alteration or appeal of the Court's order has expired without any review, alteration or appeal having been sought or taken; or (ii) if an appeal, petition, motion or other application for review, alteration or amendment is filed, sought or taken, the date as of which such appeal, petition, motion or other application shall have been finally determined in such a manner as to affirm the Court's original order in all material respects and the time, if any, for seeking further review has expired. Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review pertaining to the amount, payment or allocation of attorneys' fees and expenses, the Plan of Allocation or the provisions of ¶ 6.2 shall have no effect on finality for purposes of determining the date on which the Final Judgment or any Alternative Judgment becomes Final.

**1.13.** "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, materially in the form attached hereto as Exhibit B.

**1.14.** "Individual Defendants" means James Heppelmann, Jeffrey Glidden, Andrew Miller, Robert P. Schechter, Paul A. Lacy, Thomas Bogan, and Donald K. Grierson.

**1.15.** "Lead Plaintiff" means Matthew Crandall, as identified in the opening paragraph of the Amended Class Action Complaint for the Violations of Federal Securities Laws.

**1.16.** "Lead Plaintiff's Counsel" means The Rosen Law Firm, P.A.

1.17.    "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

1.18.    "Person" means individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.19.    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses, and such attorneys' fees, costs and expenses and award to Lead Plaintiff as may be approved by the Court.  Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.20.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

1.21.    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.22.    "Released Claims" means, to the fullest extent permitted by law or equity, any and all Claims by any Settlement Class Member against any of the Released Parties (i) that have been or could have been asserted in the Action; (ii) that would have been barred by *res judicata* had the Action been litigated to final judgment; (iii) that could have been or could in the future be asserted in any forum or proceeding or otherwise that relate to the purchase,

-7-

acquisition or sale of PTC common stock during the Settlement Class Period (including, without limitation, claims for fraud and negligent misrepresentation); or (iv) that arise out of, relate to, or are based on the settlement or resolution of the Action, *provided, however*, that Released Claims do not include Claims to enforce this Stipulation.

      **1.23.**      **"**Released Parties" means (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, any other entity in which any such parent has a controlling interest or which is or was related to or affiliated with any such parent, successors, predecessors, heirs, immediate family members, and anyone acting or purporting to act for or on behalf of any of them or their successors; and (c) the legal representatives, predecessors, successors and assigns of any of the foregoing.

      **1.24.**      "Released Parties' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or Settlement of this Action, including but not limited to all claims for malicious prosecution or sanctions. "Released Parties' Claims" do not include claims to enforce any of the terms of this Stipulation or the Final Judgment.

**1.25.** "Releasing Parties" means Lead Plaintiff, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

**1.26.** "Settlement" means the settlement contemplated by this Stipulation.

**1.27.** "Settlement Amount" means the sum of $2,100,000 (Two Million One Hundred Thousand U.S. Dollars).

**1.28.** "Settlement Class" means all Persons (except Defendants, members of the immediate family of any individual defendant, any entity in which any Defendant has more than a 50% ownership interest, or which any Defendant controls, and the legal representatives, heirs, successors, or assigns of any such excluded party) who purchased or otherwise acquired PTC common stock during the period from November 24, 2011 through July 29, 2015 inclusive, including any Persons who sold PTC shares short and then purchased shares to cover that short position during the Settlement Class Period, and excluding those Persons who timely and validly request exclusion from the Settlement Class in accordance with the instructions contained in and requirements of the "Notice of Pendency and Settlement of Class Action" to be sent to the Settlement Class.

**1.29.** "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

**1.30.** "Settlement Class Period" means the period from November 24, 2011 through July 29, 2015, inclusive.

**1.31.** "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

**1.32.**    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

**1.33.**    "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants (as defined herein) and Lead Plaintiff (on behalf of himself and the Settlement Class).

**1.34.**    "Unknown Claims" means all Claims of every nature and description which Lead Plaintiff, any Settlement Class Member or any Released Party does not know or suspect to exist in his, her or its favor at the time of Effective Date which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, Lead Plaintiff or the Settlement Class, or might have affected his, her or its decision with respect to the Settlement, or such party's decision not to opt-out or object to this Settlement. With respect to any and all Released Claims or Released Parties' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and the Defendants shall expressly waive, and each of the Settlement Class Members and Released Parties shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff, the Released Parties, and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims or Released Parties' Claims, but

-10-

the Defendants and Lead Plaintiff shall expressly fully, finally and forever settle and release, and each Settlement Class Member and Released Party, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims or Released Parties' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members and Released Parties shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

### 2. The Settlement Consideration

**2.1.** In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, PTC shall, within seven (7) Business Days of entry of the Preliminary Approval Order, pay, or cause to be paid, the Settlement Amount, by wire transfer or check, to the Escrow Account, provided that the Escrow Agent has provided Defendants' counsel with timely and complete wire and transfer information and instructions and a completed Form W-9.

**2.2.** Payment of the Settlement Amount shall be Defendants' sole monetary obligation under the Settlement.  Under no circumstances will PTC or any of the other Defendants be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as

compensation to any Settlement Class Member or in payment of any fees or expenses incurred by any Settlement Class Member or Lead Plaintiff's Counsel.

### 3.    Handling And Disbursement Of Funds By The Escrow Agent

**3.1.**    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

**(a)**    As provided in ¶ 3.4 and ¶ 8.2 below;

**(b)**    As provided in ¶ 10.6 below, if applicable; and

**(c)**    To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

**3.2.**    The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants, their counsel and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3.**    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation or by an order of the Court.  Defendants shall have prompt access to records of the Escrow Account upon request.

**3.4.**    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Plaintiff's Counsel up to $150,000.00 (One Hundred Fifty Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

4.    **Taxes**

**4.1.**    The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Lead Plaintiff's Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Plaintiff's Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**(a)**    For purposes of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Plaintiff's Counsel or their designee.  Lead Plaintiff's Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including

-13-

any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  Defendants, their counsel and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

### 5.    Preliminary Approval Order, Notice Order, And Settlement Hearing

**5.1.**    Lead Plaintiff's Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for entry of a preliminary approval order in the form of Exhibit A hereto, seeking, including among other things, approval for the mailing and dissemination of Notice in the form of Exhibit A-1 hereto, approval of the publication of summary notice in the form of Exhibit A-3 hereto, and approval of the Proof of Claim form in the form attached as Exhibit A-2 hereto.  The mailed Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class.  The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility for, Lead Plaintiff's Counsel's proposed Plan of Allocation.

**5.2.**    To assist in dissemination of notice, PTC will cooperate in the efforts of Lead Plaintiff's Counsel to obtain the names and contact information of the Settlement Class Members and their nominees or custodians.

**5.3.**    At the time of the submission described in ¶ 5.1 hereof, the Settling Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

### 6.    Releases And Covenants Not To Sue

**6.1.**    Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) to

be acting on behalf of any of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and shall be permanently barred and enjoined from instituting, continuing, asserting or prosecuting, or assisting any Person in instituting, continuing, asserting or prosecuting in any forum, any Released Claim, in any capacity, against any of the Released Parties.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.2.    Upon the Effective Date, Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Lead Plaintiff, Settlement Class Members and Lead Plaintiff's Counsel from all Released Parties' Claims, and shall be permanently enjoined from prosecuting the Released Parties' Claims against Lead Plaintiff, Settlement Class Members and Lead Plaintiff's Counsel. Nothing contained herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

7.    **Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

7.1.    Under the supervision of Lead Plaintiff's Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.  The Released Parties shall not

-16-

have any role in, or responsibility or liability to any Person, including without limitation any Settlement Class Member, for the administration of the Settlement of the solicitation, review or evaluation of Proofs of Claim, nor shall any discovery be taken of Defendants in connection therewith.

**7.2.** The Settlement Fund shall be applied as follows:

**(a)** To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

**(b)** To pay Administrative Costs;

**(c)** To pay Lead Plaintiff's Counsel's attorneys' fees and expenses and payments to the Lead Plaintiff for reimbursement of his time and expenses pursuant to Paragraph 8.1 below, to the extent allowed by the Court; and

**(d)** To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.3.** Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

**7.4.** This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to PTC. Defendants, their counsel and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses,

-17-

or any losses incurred in connection therewith. No Person shall have any claims against Lead Plaintiff's Counsel, the Claims Administrator or any other agent designated by Lead Plaintiff's Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Lead Plaintiff's Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.      It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

## 8.      Lead Plaintiff's Counsel's Attorneys' Fees And Reimbursement Of Expenses

8.1.      Lead Plaintiff's Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Lead Plaintiff's Counsel for (i) an award of attorneys' fees not to exceed one third of the Settlement Amount, (ii) reimbursement of reasonable costs and expenses actually incurred, including the fees and expenses of experts and/or consultants, incurred in connection with prosecuting the Action, and (iii) payment to the Lead Plaintiff of not more than Two Thousand Five Hundred

Dollars ($2,500.00) for reimbursement of his time and expenses in connection with the Action (collectively, the "Fee and Expense Award").  Defendants shall take no position with respect to the Fee and Expense Application(s) or the Fee and Expense Award.

      **8.2.**      Except as otherwise provided in this paragraph, the Fee and Expense Award shall be paid to Lead Plaintiff's Counsel from the Settlement Fund within two (2) Business Days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment. Lead Counsel may allocate the Fee and Expense Award among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution and resolution of the Action.  In the event that the Effective Date does not occur, or the Fee and Expense Award is reduced or reversed in whole or in part on appeal or further review, then Lead Plaintiff's Counsel shall be obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction of such event, an amount consistent with such reduction or reversal, including accrued interest at the same  rate as is earned by the Settlement Fund from the date of payment of the award until the date of refund. Lead Plaintiff's Counsel, on behalf of itself and each partner and/or shareholder of the firm, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and each shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court.

      **8.3.**      The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness,

reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order of or proceedings relating to the Fee and Expense Application or the Fee and Expense Award, or any objection to, motion regarding or appeal from any order or proceedings relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.  None of the Parties may terminate or cancel the Settlement on the basis of the amount of any Fee and Expense Award.

8.4.    Any award of attorneys' fees and/or expenses to Lead Plaintiff's Counsel or reimbursement payments to the Lead Plaintiff shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Defendant shall have any responsibility for payment of Lead Plaintiff's Counsel's attorneys' fees and expenses or other awards to the Lead Plaintiff beyond the obligation of PTC to fund the Settlement Amount as set forth in ¶ 2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Plaintiff's Counsel, the Lead Plaintiff, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

## 9.    Class Certification

9.1.    The Parties hereby stipulate, for purposes of the Settlement only, to certification of the Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appointment of Lead Plaintiff as the class representative and appointment of Lead Plaintiff's Counsel as Lead Counsel.  In the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues.  In such an event, Defendants reserve all rights to object to and oppose class

-20-

certification, or challenge the standing of Lead Plaintiff or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission or concession that any class should be or remain certified in the Action or that any plaintiff has standing.

**10.    Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination**

10.1.    Lead Plaintiff, on behalf of the Settlement Class, and Defendants shall, each in their separate discretions, have the right to terminate the Settlement and Stipulation (a "Termination") by providing written notice of his or its election to do so to all other Settling Parties within thirty (30) calendar days of:

(i)    the Court declining to enter the Preliminary Approval Order in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(ii)    the Court refusing to approve this Stipulation in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(iii)    the Court declining to enter the Final Judgment in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(iv)    the date upon which the Final Judgment is modified or reversed by the Court, the Court of Appeals or the United States Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it.

In the absence of any of the events enumerated in this ¶ 10.1, ¶ 10.2,  or ¶ 10.5, no Party shall have the right to terminate the Agreement for any reason.

10.2.    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Lead Plaintiff, on behalf of the Settlement Class, and not Defendants, shall have the right to, at any time prior to the Court's entry of the Final Judgment,(a) terminate the Settlement and Stipulation by providing written notice to Defendants

or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein, subject to Defendants' right to cure any failure to pay within five (5) Business Days of receiving written notice of such deficiency.

10.3.    The Effective Date of this Stipulation and the Settlement incorporated therein shall be the date on which all of the following events have occurred:

(a)    entry by the Court of the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

(b)    deposit of the Settlement Amount into the Escrow Account, as set forth in ¶ 2.1; and

(c)    final approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)    entry by the Court of the Final Judgment in all material respects in the form attached as Exhibit B; and the Final Judgment has become Final, or, in the event that the Court enters a judgment in a form other than that provided above ("Alternative Judgment") and neither Lead Plaintiff nor the Defendants elect to terminate the Settlement, the date that such Alternative Judgment becomes Final.

10.4.    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

10.5.    If prior to final Court approval of the Settlement, Persons who otherwise would be Settlement Class Members have submitted valid and timely requests for exclusion from the Settlement Class in accordance with the instructions contained in and

requirements of the Preliminary Approval Order and the notice given pursuant thereto, and the Termination Threshold, as such term is defined in a separate termination letter between the parties countersigned simultaneously herewith (the "Letter") is met, then PTC shall have, in its sole and absolute discretion, the option to terminate this Stipulation and the Settlement in strict accordance with the requirements and procedures set forth in the Letter. The Letter shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, in which case the Parties shall seek to file it with the Court under seal.

10.6. If the Settlement is terminated by Lead Plaintiff or Defendants, then (a) this Stipulation shall be without force and effect upon the rights of the Parties, and none of its terms (other than this paragraph and Paragraph 11) shall be effective or enforceable; (b) the Settling Parties shall be restored to their respective positions in the Action immediately prior to the date of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice; (c) within seven (7) Business Days (except as otherwise provided in the Letter) after the occurrence of such event, Lead Plaintiff shall return (or cause to be returned) to PTC any monies remaining in the Escrow Account, including any accrued interest thereon, but less any Administrative Costs that were reasonably and actually incurred and paid or payable from the Settlement Fund as of the date of termination and any Taxes and Tax Expenses actually incurred and paid or payable as of the date of termination, by check or wire transfer pursuant to written instructions from PTC. At the request of PTC, the Escrow Agent or its designee shall apply for any tax refund owed on the

Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to PTC pursuant to written direction from PTC.

10.7.      No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation, and shall not affect the finality of the order approving this Stipulation.

**11.      No Admission Of Liability Or Wrongdoing**

This Stipulation, whether or not it is consummated and whether or not it is terminated, any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation:

(a)      shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

(b)      shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(c)      shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

-24-

(d)     shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

(e)     shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(f)     shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

(g)     shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

Any Party may file or introduce this Stipulation and/or the Final Judgment in any action or proceeding that may be brought to enforce the terms of this Stipulation and/or the Final Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.

## 12. Miscellaneous Provisions

**12.1.** The Settling Parties acknowledge that it is their intent to consummate the Settlement, and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the terms and conditions of the Stipulation. To the extent the Parties are unable to reach agreement concerning such best efforts, any Party may refer the matter to a mutually agreeable third-party mediator for mediated resolution, subject to Court approval, with the fees and expenses of the mediator to be divided equally between Lead Plaintiff on the one hand, and Defendants on the other.

**12.2.** The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement, the Plan of Allocation, or Lead Plaintiff's Counsel's Fee and Expense Application.

**12.3.** Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

**12.4.** Lead Plaintiff and Lead Plaintiff's Counsel represent and warrant that none of the Lead Plaintiff's Claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action, have been assigned, encumbered, conveyed, given, granted or in any manner transferred in whole or in part.

**12.5.**     This Stipulation, together with its exhibits and the Letter constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements. No representations, warranties or inducements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Letter.  Lead Plaintiff, on behalf of himself and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

**12.6.**     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

**12.7.**     This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

**12.8.**     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.9.**     Each counsel or other Person executing this Stipulation and any documents prepared in furtherance of it on behalf of any Party hereto, hereby warrants that such Person has the full authority to do so.

**12.10.**     This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the

Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

12.11.    This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without regard to conflict of laws principles.

12.12.    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

12.13.  The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

12.14.    All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.15.    The Settling Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the

Settlement, the Stipulation or the Letter. The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, and that the Action was brought and defended in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

12.16.    Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

12.17.    The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

IN WITNESS WHEREOF, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: January 13, 2017

THE ROSEN LAW FIRM, P.A.

By: _____
Laurence M. Rosen, Esq.
Jonathan Horne, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel.: (212) 686-1060

*Lead Counsel for Lead Plaintiff*

Jason M. Leviton (BBO# 678331)

-29-

Joel A. Fleming (BBO# 685285)
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
Tel.: 617.398.5600
Fax: 617.507.6020
jeff@blockesq.com
jason@blockesq.com
joel@blockesq.com

*Liaison Counsel for Lead Plaintiff*

Dated:  January 13, 2017

**GOODWIN PROCTER LLP**

By: _____

Brian E. Pastuszenski (BBO# 391030)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8800
Fax.: 212.355.3333
bpastuszenski@goodwinlaw.com

Inez H. Friedman-Boyce (BBO# 630910)
100 Northern Avenue
Boston, MA  02210
Tel.: 617.570.1000
Fax: 617.523.1231
ifriedmanboyce@goodwinlaw.com

*Counsel for Defendants PTC Inc., James
Heppelmann, Jeffrey Glidden, Andrew Miller,
Robert P. Schechter, Paul A. Lacy, Thomas Bogan,
and Donald K. Grierson*

-30-