**EXHIBIT 7**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRAKASH MOHANTY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVID TECHNOLOGY, INC., LOUIS HERNANDEZ, JR, and ILAN SIDI,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:16-cv-12336-IT<br><br>CLASS ACTION |

**ORDER AWARDING ATTORNEYS' FEES, APPROVING PAYMENT OF EXPENSES, AND APPROVING A COMPENSATORY AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(A)(4)**

THIS MATTER having come before the Court on April 30, 2018, on Lead Counsel's Motion for an Award of Attorneys' Fees, Payment of Expenses, and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) [#62] ("Fee and Expense Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this class action (the "Action") to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated November 30, 2017 (the "Stipulation") (Dkt. No. 50-2).

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Class Members who have not timely and validly requested exclusion.

3.      The Court hereby awards to Lead Counsel attorneys' fees of _33⅓_% of the Settlement Fund, an amount totaling $_441,666.67_, as well as litigation expenses totaling $_55,542.50_, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court hereby approves a compensatory award in the amount of $7,940.90 for Lead Plaintiff David Wayne Hammond. The Court finds that this award is fair and reasonable in light of Lead Plaintiff's significant time commitment on behalf of the Class.

- 1 -

5.    The fees and expenses shall be allocated by Lead Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the prosecution and settlement of the Action.

6.    Awarded attorneys' fees, litigation expenses, and Lead Plaintiff's compensatory award shall immediately be paid to Lead Counsel and Lead Plaintiff subject to the terms, conditions, and obligations of the Stipulation.

IT IS SO ORDERED.

DATED: 5/2/18

_____
THE HONORABLE INDIRA TALWANI
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRAKASH MOHANTY, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No. 1:16-cv-12336-IT |
| Plaintiff, ) ) | |
| vs. ) ) | CLASS ACTION |
| AVID TECHNOLOGY, INC., LOUIS HERNANDEZ, JR, and ILAN SIDI, ) ) ) ) | |
| Defendants. ) ) ) | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated November 30, 2017 (the "Stipulation"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiff David Wayne Hammond ("Plaintiff" or "Lead Plaintiff"), on behalf of himself and each of the members of the Class, as defined in ¶¶1.4-1.5, *infra,* on the one hand, and (ii) Avid Technology, Inc., ("Avid" or the "Company"); Louis Hernandez, Jr., and Ilan Sidi (the "Individual Defendants" and, together with Avid, the "Defendants"), on the other hand, by and through their counsel of record in the above-captioned litigation (the "Action"). This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, compromise, release, and settle the Released Claims, as defined in ¶1.25, *infra,* upon and subject to the terms and conditions hereof, and subject to the approval of the United States District Court for the District of Massachusetts (the "Court"). Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra.*

The Settling Parties agree that certification of the Class, for settlement purposes only, is appropriate in the Action. For purposes of this Settlement only, the Class comprises all members of the Class, as defined in ¶1.4 below. Nothing in this Stipulation shall serve in any fashion, either directly or indirectly, as evidence or support for certification of a class other than for settlement purposes, and the Settling Parties (defined in ¶1.30 below) intend that the provisions herein concerning certification of the Class shall have no effect whatsoever in the event the Settlement does not become Final, as defined in ¶1.13 below.

## I. THE LITIGATION

This Action is currently pending before the Honorable Indira Talwani in the United States District Court for the District Massachusetts, and was brought on behalf of a Class of all Persons,

as defined in ¶1.4 and ¶1.19 below, who purchased or otherwise acquired the common stock of Avid between August 4, 2016 and November 9, 2016, inclusive (the "Class Period"). The initial complaint was filed on November 21, 2016, and on February 7, 2017, the Court appointed David Wayne Hammond as the Lead Plaintiff and the firm of Johnson & Weaver, LLP, the predecessor to the firm of Johnson Fistel, LLP, as Lead Counsel ("Lead Counsel"). On April 19, 2017, Lead Plaintiff filed the Corrected Amended Complaint for Violations of the Federal Securities Laws (the "Complaint").

The Complaint generally alleges that Defendants made public statements during the Class Period that contained untrue statements and omitted facts required to be stated therein or required to make the statements therein not misleading. The Complaint asserts claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

Defendants deny each and every claim and allegation of wrongdoing alleged by Plaintiff in the Action. Defendants contend that they did not make any materially false or misleading statements and that they disclosed all material information required to be disclosed by the federal securities laws. Defendants also contend that any losses allegedly suffered by members of the Class were not caused by any false or misleading statements or omissions by Defendants and/or were caused by intervening events.

On June 14, 2017, Defendants moved to dismiss the Action, arguing that the Complaint failed to state a claim for relief. Lead Plaintiff filed his opposition on July 31, 2017, and Defendants filed their reply on August 21, 2017.

During the course of the Action, Plaintiff and Defendants engaged the services of Jed D. Melnick, Esq. ("Mr. Melnick") of JAMS, a nationally-recognized mediator who has extensive

experience mediating complex class action litigations such as this Action. Plaintiff and Defendants exchanged mediation statements and engaged in an in-person, full-day mediation session with Mr. Melnick on August 22, 2017, in New York, New York. The Action did not settle at that mediation, but the parties continued discussions and ultimately agreed to settle the Action for $1,325,000, subject to the negotiation of the terms of this Stipulation, on October 13, 2017.

## II.    CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLEMENT

Plaintiff and Lead Counsel believe that the claims asserted in this Action have merit, but Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex litigation such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiff and Lead Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Action. Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiff and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Plaintiff and the Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied, and continue to deny, that they have violated the federal securities laws and they maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. Defendants have denied, and continue to deny, each and all of the claims and contentions of wrongful conduct alleged in this Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in this Action. Defendants also have denied,

- 3 -

and continue to deny, *inter alia*, the allegations that they made or had any intent to make any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of Avid common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in this Action or that could have been alleged as part of this Action, or that they have any liability to the Class. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in this Action, including grounds for a successful motion to dismiss and a successful motion for summary judgment.

Defendants have nonetheless concluded that the Settlement set forth in this Stipulation would eliminate the burden, distraction, and expense associated with this Action. Defendants have also concluded that further conduct of this Action could be protracted and distracting. Defendants have, therefore, determined that it is desirable and beneficial to them that this Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

As set forth in ¶¶9.2-9.3 below, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the Released Persons (as defined below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED without any admission or concession on the part of Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession on the part of the Defendants of any liability or wrongdoing or lack of merit in the defenses whatsoever, by Plaintiff (for himself and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of

- 4 -

record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and this Action shall be dismissed with prejudice, as to the Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

### 1. Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1     "Action" means the action captioned *Mohanty v. Avid Technology, Inc. et al.*, Case No.: 1:16-cv-12336-IT (D. Mass.).

1.2     "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.3     "Claims Administrator" means the firm of Garden City Group, LLC.

1.4     "Class" means all Persons who purchased or otherwise acquired Avid common stock between August 4, 2016 and November 9, 2016, inclusive.  Excluded from the Class are Defendants, members of the immediate family of any such Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has or had a controlling interest during the Class Period; the officers and directors of Avid during the Class Period; and legal representatives, agents, executors, heirs, successors, or assigns of any such excluded Person.  The Defendants or any entity in which any of the Defendants has or had a controlling interest (for purposes of this paragraph, together a "Defendant-Controlled Entity") are excluded from the Class only to the extent that such Defendant-Controlled Entity itself purchased a proprietary (*i.e.*, for its own account) interest in the Company's common stock.  To the extent that a Defendant-Controlled Entity purchased Avid stock in a fiduciary capacity or otherwise on

behalf of any third-party client, account, fund, trust, or employee-benefit plan that otherwise falls within the Class, neither such Defendant-Controlled Entity nor the third-party client, account, fund, trust, or employee-benefit plan shall be excluded from the Class with respect to such Avid stock. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

1.5     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.4 of this Stipulation.

1.6     "Class Period" means the period from August 4, 2016 through November 9, 2016, inclusive.

1.7     "Court" means the United States District Court for the District of Massachusetts.

1.8     "Defendants" means, collectively, Louis Hernandez, Jr., Ilan Sidi, and Avid Technology, Inc.

1.9     "Defendants' Counsel" means Ropes & Gray LLP, and any counsel for Defendants who have appeared in the Action.

1.10    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.11    "Escrow Account" means the account controlled by the Escrow Agent into which the Settlement Amount shall be deposited.

1.12    "Escrow Agent" means Lead Counsel or its successor(s) or designee(s), who shall perform the duties as set forth in this Stipulation.

1.13    "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate

- 6 -

review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order becomes Final upon the occurrence of the following events, whichever occurs later: (a) no appeal has been filed and the time has passed for any notice of appeal to be timely filed; (b) an appeal has been filed and either (i) the court of appeals has/have either affirmed the Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying Judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal; or (c): the expiration of the time to file a motion to alter or amend the Judgment under Fed. R. Civ. P.59(e) has passed without any such motion having been filed. For purposes of this paragraph, an "appeal" shall include appeals as of right, discretionary appeals, interlocutory appeals, and proceedings involving any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or other proceeding pertaining to any order concerning the issue of attorneys' fees and expenses, the Plan of Allocation of the Settlement Fund, or the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or preclude the Judgment from becoming Final.

1.14 "Individual Defendants" means, collectively, Louis Hernandez, Jr., and Ilan Sidi.

1.15 "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.16 "Lead Counsel" means Johnson Fistel, LLP.

1.17 "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) any award to Plaintiff for his reasonable costs and expenses

- 7 -

(including lost wages) pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (iii) Class Notice and Administration Costs (as defined in ¶3.6, *infra*); (iv) Taxes (as defined in ¶3.8(c) and Tax Expenses (as defined in ¶3.8(c), *infra*); and (v) any other fees or expenses approved by the Court.

1.18    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.19    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business, legal, or other entity, and his, her, or its spouses, heirs, beneficiaries, executors, trustees, receivers, administrators, predecessors, successors, representatives, or assignees.

1.20    "Plaintiff" and "Lead Plaintiff" mean David Wayne Hammond.

1.21    "Plaintiff's Counsel" means Lead Counsel and any counsel for Plaintiff who have appeared in the Action.

1.22    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of Class Notice and Administration Costs (as defined in ¶3.6, *infra*), Taxes (as defined in ¶3.8(c), *infra*), and Tax Expenses (as defined in ¶3.8(c), *infra*), and such attorneys' fees, costs, expenses, interest, and other expenses as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and the Released Persons shall have no responsibility or liability whatsoever with respect to the Plan of Allocation; the determination, administration, or calculation of claims;

- 8 -

the payment or withholding of Taxes; the distribution of the Settlement Fund; the administration of the Settlement Fund; or any losses incurred in such matters.

1.23 "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.24 "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors, and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, underwriters, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them, in their capacity as such, or any trust of which any Defendant and/or their Related Persons is the settlor, or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family, and any entity in which any such Defendant and/or their Related Persons has a controlling interest. "Related Person" means, individually, any of the Related Persons.

1.25 "Released Claims" means any and all claims, demands, losses, damages, rights, causes of action, liabilities, obligations, judgments, suits, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' and consultants' fees, actions, potential actions, causes of action, suits, judgments, decrees, matters, as well as issues and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, fixed or contingent, that have been, or could have been, asserted in the Action or in any court, tribunal, forum, or proceeding (including, but not limited to, any claims arising under federal, state, or

foreign law, statute, rule, or regulation relating to alleged fraud, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts), whether individual or class, arising from or relating to both (a) the purchase or other acquisition of the Company's common stock during the Class Period, and (b) the acts, facts, statements, or omissions that were, or could have been, alleged by Plaintiff in the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) Avid's public statements and SEC filings which arise out of, or relate in any way to, the allegations or subject matter of the Action; (ii) actions taken by the Individual Defendants which arise out of, or relate in any way to, the allegations or subject matter of the Action; (iii) any transaction in Avid securities by any Defendant, current or former officer or director of such Defendant, or affiliated entity during the Class Period; (iv) public statements made by the Individual Defendants which arise out of, or relate in any way to, the allegations or subject matter of the Action; and (v) arise out of, or are based upon, the purchase, sale, decision to hold, or other acquisition of Avid securities during the Class Period (the "Release"). This Release extends to any and/or all Defendants, and any and/or all of their Related Persons. "Released Claims" includes "Unknown Claims" as defined in ¶1.33 hereof. Released Claims does not include claims to enforce the Settlement, nor does it include any currently-pending related ERISA or stockholder derivative actions.

1.26    "Released Persons" means each and all of the Defendants, and each and all of their Related Persons.

1.27    "Settlement Amount" means One Million, Three Hundred and Twenty-Five Thousand United States Dollars ($1,325,000.00) in cash to be paid or caused to be paid by check or by wire transfer to the Escrow Agent pursuant to ¶3.1 of this Stipulation. Except as otherwise

provided in ¶6.2 of this Stipulation, the Released Persons shall have no other obligation whatsoever to pay any amount other than the Settlement Amount.

1.28 "Settlement Fund" means One Million, Three Hundred and Twenty-Five Thousand United States Dollars ($1,325,000.00) in cash paid or caused to be paid by Avid by check or by wire transfer to the Escrow Agent or on behalf of Defendants pursuant to ¶3.1 of this Stipulation, together with all interest and income earned thereon after being transferred to the Escrow Account. Such amount is paid as consideration for full and complete settlement of all the Released Claims.

1.29 "Settlement Hearing" means any hearing or hearings at which the Court will consider final approval of the Settlement.

1.30 "Settling Parties" means, collectively, Plaintiff, on behalf of himself and each of the Class Members, and Defendants.

1.31 "Summary Notice" means the Summary Notice, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.32 "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.33 "Unknown Claims" means any Released Claims which Plaintiff or any Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, and any claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiff, each and all of the Class Members, and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with, and release of, the Released Persons or Plaintiff, each and all of the Class Members, and Plaintiff's Counsel, or might have affected his, her, or its decision not to object to this Settlement

- 11 -

or seek exclusion.  Unknown Claims include those Released Claims in which some or all of the facts related to the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived, relinquished, and released, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by or under California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiff and Defendants shall expressly, and each of the Class Members and Released Persons shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Plaintiff, Class Members, and the Released Persons may hereafter discover facts in addition to, or different from, those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the claims released by the Released Persons, but Plaintiff and Defendants shall expressly, and each Class Member and Released Person, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, or the claims released by the Released Persons, as the case may be, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or

- 12 -

without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Plaintiff and Defendants acknowledge, and the Class Members and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential, material term of the Settlement relied upon by each and all of the Defendants in entering into this Stipulation of which this release is a part.

## 2. CAFA Notice

2.1 Pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court, Avid, at its own cost, shall serve, or caused to be served, proper notice of the proposed Settlement upon those who are entitled to notice pursuant to the CAFA.

## 3. The Settlement

### a. The Settlement Fund

3.1 Avid, on behalf of Defendants, shall cause the Settlement Amount to be paid by check or by wire transfer to the Escrow Account within twenty (20) business days after the entry of an order granting preliminary approval of the Settlement. Lead Counsel shall provide Defendants' Counsel payment instructions and a Form W-9 providing the tax identification number for the Escrow Account at the time of the filing of the Stipulation.

### b. The Escrow Agent

3.2 The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set

- 13 -

forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the funds held in the Escrow Account, including with respect to investment decisions, distribution, or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

3.3     The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in this Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5     All funds held by the Escrow Agent shall be deemed, and considered to be, in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time that such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

3.6     Prior to the Effective Date, Lead Counsel, without further approval by Defendants or the Court, may pay from the Settlement Fund up to $200,000.00 in notice and administration costs and fees associated with providing Notice to the Class and the administration of the Settlement, including, without limitation, the costs and fees connected with: the Plan of Allocation; identifying and locating members of the Class; mailing the Notice and Proof of Claim and Release; publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for

- 14 -

forwarding the Notice to their beneficial owners); soliciting Class claims; assisting with the filing of claims; administering and distributing the Net Settlement Fund to Authorized Claimants; processing Proof of Claim and Release forms; and paying escrow fees and costs, if any ("Class Notice and Administration Costs"). Prior to the Effective Date, payment of any Class Notice and Administration Costs exceeding $200,000.00 shall require notice to, and agreement from, Defendants, through Defendants' counsel, which agreement shall not be unreasonably refused. Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Class Notice and Administration Costs.

3.7     It shall be Lead Counsel's sole responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Persons with respect to any claims they may have that arise from any failure of the notice process.

c.      **Taxes**

3.8     Qualified Settlement Fund

(a)     The Settling Parties and Escrow Agent agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest-permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶3.8(a) hereof) shall be consistent with this ¶3.8, and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.8(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.8 (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as,

and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval of Defendants, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible, nor shall they have any liability, therefor.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.8.

3.9     In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Costs, Taxes, or Tax Expenses pursuant to ¶3.6 or ¶3.8, shall be refunded pursuant to written instructions from Defendants' Counsel.

**4.     Notice Order and Settlement Hearing**

4.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation, together with its exhibits (the "Exhibits"), to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the certification of a class for settlement purposes only (which certification will be vacated if the Effective Date does not occur), the preliminary approval of the Settlement set forth in the Stipulation, and approval of the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3, respectively, attached hereto.  The Notice shall

- 17 -

include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined below), any award to Plaintiff for his reasonable costs and expenses (including lost wages) pursuant to the PSLRA, and the date of the Settlement Hearing.

4.2     Lead Counsel shall request that after Notice is given to the Class, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and Plaintiff's request for payment of their reasonable costs and expenses (including lost wages) pursuant to the PSLRA, if any.

4.3     The Settling Parties stipulate to: (i) certification, for settlement purposes only, of the Class (as defined in ¶1.4 above), pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Lead Plaintiff as the Class representative; and (iii) appointment of Lead Counsel as Class counsel.  Certification of the Class shall be binding only with respect to the Settlement of the Action, and only if the Judgment contemplated by this Stipulation becomes Final and the Effective Date occurs.

**5.     Releases**

5.1     Upon the Effective Date, Plaintiff and each of the Class Members and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, in their capacity as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against

- 18 -

the Released Persons, Plaintiff and/or Plaintiff's Counsel, except for claims relating to the enforcement of the Settlement.

5.2 Upon the Effective Date, Plaintiff and each of the Class Members shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of any action or proceeding, whether direct, individual, class, representative, legal, equitable, or of any other type, against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Persons, Plaintiff and/or Plaintiff's Counsel, except for claims relating to the enforcement of the Settlement.

5.3 The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4 Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Class Members, Lead Counsel for the Class, and Plaintiff's Counsel in the Action from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement.

**6. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall provide Notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within seven (7) calendar days after preliminary approval of this Stipulation by the Court, Avid shall provide the Claims Administrator with a list of names and addresses of record purchasers of Avid common stock during the Class Period.  This information shall be provided in an electronic format acceptable to the Defendants and the Claims Administrator.  Avid shall be responsible for any costs or expenses related to providing this information.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed by the Claims Administrator to all shareholders of record, identified on the Claims Administrator's list, the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees, costs, and expenses; any requested award to Plaintiff for his reasonable costs and expenses (including lost wages) pursuant to the PSLRA; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees, costs and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.  The Notice and Proof of Claim and Release shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will

also be published once in the national edition of *IBD Weekly* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Class Notice and Administration Costs;

(b)     to pay the Taxes and Tax Expenses described in ¶3.8 hereof;

(c)     to pay Plaintiff's Counsel's attorneys' fees, costs, and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award"), and to pay any award to Plaintiff for his reasonable costs and expenses (including lost wages) pursuant to the PSLRA, if and to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.5     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶6.6-6.12, *infra*.

6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked or submitted electronically by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release and as are reasonably available to such Person.

- 21 -

6.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Plaintiff, Lead Counsel, Plaintiff's Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund. The Claims Administrator may decline to distribute a *pro rata* share of the Net Settlement Fund to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

6.9     Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant, in writing, to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the

- 22 -

claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶6.10 below.

6.10    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶6.9 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

6.11    Each claimant who submits a Proof of Claim and Release shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim and Releases, no discovery shall be allowed on the merits of the Action or the Settlement.

6.12    Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economical fashion.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to any appropriate non-sectarian, non-profit, charitable

- 23 -

organization(s) serving the public interest, provided, however, that Defendants consent to such donation, which consent shall not be unreasonably withheld.

6.13    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Defendants, their Related Persons, or Defendants' Counsel with respect to the matters set forth in ¶¶6.1-6.14 hereof; and the Class Members, Plaintiff, and Lead Counsel release Defendants and their Related Persons from any and all liability and claims arising from, or with respect to, the administration, investment, or distribution of the Settlement Fund.

6.14    Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

6.15    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of

- 24 -

Allocation. The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been approved.

6.16    No Person shall have any claim against Plaintiff, Lead Counsel, Plaintiff's Counsel, Released Persons, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

### 7.    Attorneys' Fees, Costs, Charges, and Expenses

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") to the Court for distributions to Plaintiff's Counsel from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund plus (b) costs, charges, and expenses in connection with prosecuting the Action, plus interest on such fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any and all such fees, expenses, charges, and costs awarded by the Court shall be payable solely out of the Settlement Fund.

7.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following the Settlement Hearing and entry of an order by the Court awarding such fees and expenses. This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst Plaintiff's Counsel in a manner that Lead Counsel, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Action. Any such awards shall be paid solely by the Settlement Fund. In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶7.1 is reversed or modified by final non-appealable order, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel

- 25 -

shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction.  Any refunds required pursuant to ¶7.2 shall be the joint and several obligation of Plaintiff's Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiff's Counsel, as a condition of receiving such fees and/or expenses on behalf of itself, and each partner, and/or shareholder of it, agrees that its law firm, and its partners, and/or shareholders are subject to the jurisdiction by the Court for the purpose of enforcing the provisions of this paragraph.

7.3     Plaintiff may submit a Fee and Expense Application for his reasonable costs and expenses (including lost wages) pursuant to the PSLRA in connection with the prosecution of this Action.  However, in the event that the Effective Date does not occur, or the Judgment or the order approving Plaintiff's Fee and Expense Application is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, then Plaintiff shall, within twenty (20) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such amounts for time and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.

7.4     The procedure for, and the allowance or disallowance by the Court of, the Fee and Expense Application or Plaintiff's expenses to be paid out of the Settlement Fund, are not part of the Settlement and shall in no way affect the enforceability, validity, or finality of the Settlement or this Stipulation, and are to be considered by the Court separately from the Court's consideration

- 26 -

of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Fee and Expense Application, or Plaintiff's expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

7.5 Any fees and expenses awarded by the Court shall be paid solely from the Settlement Fund. No Released Persons shall have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel, Plaintiff's Counsel, any Class Member's counsel, or any award to Plaintiff for his reasonable costs and expenses (including lost wages) pursuant to the PSLRA apart from payment of the Settlement Fund pursuant to ¶3.1.

7.6 Released Persons shall have no responsibility for the allocation among Plaintiff's Counsel or any Class Member's counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in this Action.

## 8. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

8.1 The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a) execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b) Avid, on behalf of Defendants, has deposited, or caused to be deposited, the Settlement Amount into the Escrow Account;

(c) the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶4.1 hereof;

- 27 -

(d) the Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.7 hereof;

(e) the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Plaintiff and the Defendants, as set forth above; and

(f) the Judgment has become Final, as defined in ¶1.13 hereof.

8.2 This is not a claims-made settlement. Upon the Effective Date, Defendants, their insurance carriers, and/or any other such other Persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund, or any portion thereof, for any reason. Defendants' rights to a return of the Settlement Fund, or any portion thereof, and/or to termination of this Stipulation and Settlement before the Effective Date are set forth ¶¶8.4-8.7 hereof.

8.3 Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished. If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof, unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

8.4 In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Class Notice and Administration Costs, Taxes, and Tax Expenses that have either been incurred or disbursed pursuant to ¶3.6 or ¶3.8 hereof, shall be refunded pursuant to written instructions from Defendants' Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the

proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' Counsel.

8.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Action, and shall be restored to their respective positions in the Action as of October 13, 2017. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.33, 3.6-3.9, 7.2, 8.4-8.5, and 9.2-9.5 hereof, shall be rescinded, cancelled, and annulled, and have no further force and effect with respect to the Settling Parties and the Stipulation and Settlement set forth in the Stipulation, and any negotiations, court orders, and proceedings related thereto shall be without prejudice to the rights of any and all parties, and evidence relating to the Stipulation and the Settlement set forth in the Stipulation, and all negotiations thereto, shall not be discoverable, used, or admissible in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of October 13, 2017. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses, and interest awarded by the Court to Lead Counsel or Plaintiff shall constitute grounds for cancellation or termination of the Stipulation.

8.6     Each Settling Party shall have the right, but not the obligation, to terminate the Settlement and this Stipulation by providing written notice of its election to do so to all other Settling Parties within fifteen (15) days of: (a) the Court's denial of Lead Plaintiff's motion for preliminary approval of the Settlement in any material respect without leave to amend and

- 29 -

resubmit; (b) the Court's refusal to approve this Stipulation and Settlement, or any material part of it, without leave to amend and resubmit, (c) the Court's declining to enter final judgment in any material respect without leave to amend and resubmit; (d) the failure of Defendants to timely pay the Settlement Amount; or (e) the date upon which the final judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

8.7    If, prior to the Settlement Hearing, Persons who otherwise would be Class Members have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased or acquired a number of shares of Avid common stock purchased during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between the Settling Parties, the Defendants shall have the option (which option must be exercised collectively) to terminate the Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute between the Settling Parties concerning its interpretation or application arises. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' Counsel by Lead Counsel. Defendants may terminate the Stipulation and Settlement by filing a written notice of termination with the Court and Lead Counsel on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before two (2) business days before the Settlement Hearing, whichever occurs last. In the event that Defendants file a written notice of termination, Defendants may withdraw their written notice of termination by providing written notice of such withdrawal, by

hand delivery, fax, or email, to Lead Counsel by no later than 5:00 p.m. ET on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon, in writing, between Lead Counsel and Defendants' Counsel.

### 9. Miscellaneous Provisions

9.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation, and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to this Action.  The Settlement and all negotiations, discussions, and proceedings leading up to, and in connection, herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Persons of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense and may not be deemed or used as an admission by Defendants or any other Related Person in any release or written statement issued, filed, or made.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by Plaintiff and Avid on behalf of all Defendants, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party

determines to be appropriate, any contention made in any public forum regarding this Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3     Neither the Stipulation nor the Settlement contained herein, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is, or may be deemed to be used as, an admission or evidence of (a) the validity of any of the allegations in the Action or the validity of any of Released Claim, (b) any wrongdoing or liability of the Defendants or their respective Related Persons, or (c) any fault of omission of any of the Defendants or their respective Related Persons, whether in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons, Plaintiff, Class Members, and Plaintiff's Counsel may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in this Stipulation as injunctive relief.  The Settling Parties may file the Stipulation and/or the Judgment in any proceeding that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

9.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6 The Stipulation may be amended or modified only by a written instrument signed by, or on behalf of, all Settling Parties or their respective successors-in-interest.

9.7 No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by, or on behalf of, all Settling Parties or their respective successors-in-interest. No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same, or any other term or provision, or of any previous or subsequent breach thereof.

9.8 Each Defendant warrants and represents as to himself, herself, or itself only, that he, she, or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed, and as of the time the payments of the Settlement Amount are actually transferred or made as reflected in the Stipulation. In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Amount, or any portion thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or conveyance, or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law, and any portion thereof is required to be refunded and such amount is not promptly deposited in the Escrow Account by or on behalf of any of the Defendants, then, at the election of Lead Counsel, as to the Defendant to whom such order applies, the Settlement may be terminated and the releases given and the Judgment entered in favor of such Defendant pursuant to the Settlement shall be null and void. In such instance, the releases given and the Judgment entered in favor of other Defendants shall remain in full force and effect. Alternatively, Lead Counsel may elect to terminate the entire Settlement as to all Defendants, and all of the releases given and judgments entered in favor of Defendants pursuant to the Settlement shall be null and void and Lead Plaintiff may proceed as if the Settlement were never entered into.

9.9     The Stipulation and the Exhibits attached hereto (together with the Supplemental Agreement referred to in ¶8.7) constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

9.10    This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in this Action, and as more fully described herein.  If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.11    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

- 34 -

9.12    Lead Counsel, on behalf of the Class, are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.13    Plaintiff and Lead Counsel represent and warrant that none of the Plaintiff's claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.14    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.15    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to its preparation.

9.16    The headings herein are used for the purpose of convenience and are not intended to have legal effect.

9.17    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by a reputable overnight-courier service (charges prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

*If to Plaintiff or to Lead Counsel:*

Frank J. Johnson
JOHNSON FISTEL, LLP
600 West Broadway, Suite 1540
San Diego, CA 92101

*If to Defendants or to Defendants' counsel:*

John D. Donovan, Jr.
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600

9.18    The Stipulation may be executed in one or more counterparts.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or Adobe Portable Document Format (".pdf") via email shall be deemed originals.

9.19    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.20    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.21    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.22    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the Commonwealth of Massachusetts, and the rights and obligations of the parties to the Stipulation shall be construed

and enforced in accordance with, and governed by, the internal, substantive laws of the Commonwealth of Massachusetts, without giving effect to choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated November 30, 2017.

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.

_____
MICHAEL I. FISTEL, JR.

Murray House
40 Powder Springs Street
Marietta, GA 30064
Telephone: (770) 200-3104
Facsimile: (770) 200-3101
michaelf@johnsonfistel.com

JOHNSON FISTEL, LLP
FRANK J. JOHNSON
600 West Broadway, Suite 1540
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
frankj@johnsonfistel.com

*Lead Counsel for Plaintiff*

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

*Liaison Counsel for Lead Plaintiff*

- 37 -

ROPES & GRAY LLP
JOHN D. DONOVAN, JR.
MATTHEW L. MCGINNIS
MICHAEL J. SHIPOSH

_____
MATTHEW L. MCGINNIS

Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
john.donovan@ropesgray.com
matthew.mcginnis@ropesgray.com
michael.shiposh@ropesgray.com

*Attorneys for Defendants Avid Technology, Inc.,
Louis Hernandez, Jr., and Ilan Sidi*