# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA,<br><br>                    Defendants. | Case No. 1:24-cv-10152-DJC<br><br>**CLASS ACTION** |

**DECLARATION OF HARRY LEVIN IN SUPPORT OF LEAD PLAINTIFFS'
MOTIONS FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND
REIMBURSEMENT TO LEAD PLAINTIFFS AND FOR FINAL APPROVAL OF
SETTLEMENT**

I, Harry Levin, hereby declare, under the penalty of perjury, as follows:

1.      I am one of the Court-appointed Lead Plaintiffs in this Action.[1]

2.      I submit this declaration in support of final approval of the proposed Settlement, and in support of an award of attorneys' fees, expenses, and reimbursement to Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act ("PSLRA") to reimburse me for the time I spent monitoring and participating in the litigation, representing the Class, and assisting Lead Counsel in achieving the Settlement for the Class.

3.      I have personal knowledge of the statements contained herein, and, if called as a witness, would testify competently thereto.

**A.      The Litigation of the Action**

4.      I monitored and supervised the activities of Bernstein Liebhard on behalf of the Class and devoted a substantial amount of time to oversee the Action.  For example, I:

a.  Participated in conference calls and email communications with Bernstein Liebhard and Co-Lead Plaintiff Julio Maurice Bueno concerning seeking Lead Plaintiff appointment;

b.  monitored updates about developments concerning the case, Lead Counsel's investigation, and settlement negotiations;

c.  reviewed the pleadings, including the initial complaint, the amended complaint, and papers filed in connection with Defendants' motion to dismiss this Action;

d.  reviewed settlement strategy and settlement negotiations with Bernstein Liebhard and Co-Lead Plaintiff Julio Maurice Bueno; and

e.  reviewed and analyzed the proposed terms of the settlement and settlement approval papers.

5.      After careful consideration, I authorized Lead Counsel to settle this Action for $1 million on behalf of the Settlement Class. Before doing so, I had reviewed, considered, and

---

[1] Otherwise undefined terms have the definitions set forth in the Stipulation and Agreement of Settlement, dated April 14, 2025.

1

discussed with my counsel the merits of this case and understood the risks and benefits of the decision to settle the action.

6.    I believe the Settlement is fair, reasonable, adequate, and in the best interest of the Class.

**B.    Lead Counsel's Fee and Expense Application**

7.    I support the payment of attorneys' fees to Lead Counsel in the amount of 33 1/3% of the Settlement. This fee is consistent with my retainer agreement that I signed to engage Lead Counsel at the beginning of the case, which provided for a 33 1/3% contingency fee from any settlement.

8.    The litigation expenses being requested for reimbursement seem reasonable and necessary for the prosecution and successful resolution of the Action. Therefore, I also support the application for the reimbursement of litigation expenses.

**C.    PSLRA Reimbursement Application**

9.    I understand that in cases such as this, the Court may make an award of reasonable costs and expenses (including lost wages) directly relating to the representation of the Class to any representative serving on behalf of the Class.

10.    I spent numerous hours representing the Class, performing the tasks set forth in ¶4 above. Reasonably, and necessarily, I devoted these hours to fulfill my responsibilities as a Lead Plaintiff. The time I have devoted to the work of this case warrants, in my calculation, an award of two thousand five hundred dollars ($2,500).

I, Harry Levin, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury under the laws of the United States of America that the foregoing is true.

2

Executed this 23, day of June, 2025

DocuSigned by:

*HARRY M. LEVIN*

BFB55D576517458

HARRY LEVIN

3