**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA, <br><br> Defendants. | Case No. 1:24-cv-10152-DJC <br><br> **CLASS ACTION** |

**DECLARATION OF BERNSTEIN LIEBHARD LLP IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND <u>REIMBURSEMENT TO LEAD PLAINTIFFS</u>**

I, MICHAEL S. BIGIN, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a Partner at Bernstein Liebhard LLP, the court-appointed Lead Counsel on behalf of Lead Plaintiffs Julio Maurice Bueno and Harry Levin ("Lead Plaintiffs") in this Action. I am admitted to appear *pro hac vice* on behalf of Lead Plaintiffs and the proposed Settlement Class. I have personal knowledge of the matters stated herein and, if called as a witness, I could and would testify thereto. I make this declaration in support of Lead Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Reimbursement to Lead Plaintiffs.

2.      My firm was appointed Lead Counsel in this Action and litigated the Action on behalf of Lead Plaintiffs and the Settlement Class.

3.      The information in this declaration regarding my firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the firm in the ordinary course of business. These reports were reviewed by me to prepare this declaration. In the course of recording professional time, reductions were made in the exercise of billing judgment. As a result, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, the expenses are of the type charged to a fee-paying client in the private legal marketplace.

4.      The chart below is a summary indicating the amount of time spent by the attorneys and professional support staff members of my firm who were involved in the prosecution of the Action and the lodestar calculation based on my firm's current rates. Time expended in preparing this application for fees and expenses has not been included in this request.

5.      The hourly rates for the attorneys and professional support staff of my firm are

1

included in the chart below and are their usual and customary rates.

6. The firm incurred a lodestar of $805,791.69 based on 760.56 hours expended on this litigation.

**LODESTAR REPORT**

**Inception through June 23, 2025**

| PROFESSIONAL | HOURLY RATE | HOURS | LODESTAR |
|---|---|---|---|
| Stanley D. Bernstein (P) | $1,500.00 | 2.00 | $3,000.00 |
| Michael Bigin (P) | $1,350.00 | 299.75 | $404,662.50 |
| Laurence Hasson (P) | $1,350.00 | 25.25 | $34,087.50 |
| Joseph Seidman (SC) | $1,250.00 | .75 | $937.50 |
| Jeffrey McEachern (A) | $875.00 | 365.31 | $319,666.69 |
| Hairong Basil (A) | $875.00 | 5.00 | $4,375.00 |
| Janna Birkeland (PL) | $625.00 | 62.50 | $39,062.50 |
| | | | |
| **TOTALS** | | **760.56** | **$805,791.69** |

Partner (P)

Senior Counsel (SC)

Associate (A)

Paralegal (PL)

7. My firm has expended $16,936.56 in expenses and charges in connection with the prosecution of the litigation of the Action and expects to incur an additional $1,000 in connection

2

with traveling from the City of New York to Boston for the final approval hearing if held in person. These expenses and charges are summarized in the chart below:

**EXPENSE REPORT**

**Inception through June 23, 2025**

| Category of Expenses | Amount |
|---|---|
| Investigation | $3,168.18 |
| Damages and Plan of Allocation Analysis | $8,800.00 |
| Online Legal and Factual Research | $4,239.33 |
| Travel/Transportation/ Working Meals | $729.05 |
| Additional Anticipated Expenses | $1,000.00 |
| **TOTAL EXPENSES** | **$17,936.56** |

8.    The following is additional information regarding certain of my firm's expenses:

a.    **Investigation**: $3,168.18. Lead Counsel retained an investigator who interviewed former AlloVir employees in connection with the litigation.

b.    **Damages and Plan of Allocation Analysis**: $8,800.00. Lead Counsel retained an expert in economics to assist with quantifying damages, causation issues, market analysis, and creating the plan of allocation for distributing settlement funds to the Class.

c.    **Online Legal and Factual Research**: $4,239.33.  Lead Counsel conducted research using databases maintained by Westlaw, Pacer, and news services. These databases were used to obtain access to financial information, factual information, and to conduct legal research.

3

d.     **Travel/Transportation/Working Meals**: $729.05.  In connection with the prosecution of the Action, the firm has paid for work-related transportation expenses and meals.

e.     **Additional Anticipated Expenses**: $1,000.00.  This additional $1,000.00 is to reimburse Lead Counsel for anticipated travel and meal costs associated with Lead Counsel's attendance at the Settlement Hearing on July 30, 2025. If the anticipated expense is lower, the difference will remain as part of the Net Settlement Fund.

9.      With respect to the standing of my firm, attached as Exhibit 8 to the Declaration of Michael S. Bigin in Support of Lead Plaintiffs' Motions for Award of Attorneys' Fees, Expenses, and Reimbursement to Lead Plaintiffs and Final Approval of Settlement is a brief biography of my firm, as well as biographies of the firm's partners and associates.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2025

_/s Michael S. Bigin_
Michael S. Bigin

4