**EXHIBIT 4**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA,<br><br>Defendants. | Case No. 1:24-cv-10152-DJC<br><br>**CLASS ACTION** |

**DECLARATION OF SARAH EVANS CONCERNING: (A) CAFA NOTICE MAILING; (B) DISSEMINATION OF NOTICE; (C) PUBLICATION OF THE SUMMARY NOTICE; AND (D) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Sarah Evans, declare as follows:

1. I am a Project Manager at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over nine years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred and seventy-five (575) class action cases since its inception. I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

2. Pursuant to the Court's Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement, dated April 23, 2025 (Dkt. No. 71) (the "Preliminary Approval Order"), the Court approved the selection of SCS to serve as the Claims Administrator to supervise and administer the notice procedure in connection with the Settlement of the above-

captioned action as well as the processing of Claims.[1] I submit this declaration in order to provide the Court and the Parties with information regarding the mailing of the Postcard Notice and emailing of notice to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

## MAILING OF CAFA NOTICE

3.      At the request of Counsel for Defendants, Goodwin Procter LLP, and separate from our engagement as Claims Administrator, on April 25, 2025, SCS mailed a notice of proposed class action settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), to the appropriate federal and state officials, by certified return receipt through the United States Postal Service.  The mailing consisted of: (i) a letter regarding the Settlement approved by Counsel for Defendants describing the mailing (the "CAFA Letter"); and (ii) a CD-ROM containing copies of the documents referenced in the CAFA Letter.  Attached hereto as **Exhibit A** is a copy of the CAFA Letter that SCS mailed.

## DISSEMINATION OF NOTICE

4.      On May 12, 2025, SCS sent the Depository Trust Company ("DTC") the Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Internet Notice") and the Proof of Claim and Release Form (the "Claim Form", and together with the Internet Notice, the "Internet Notice and Claim Form") for the DTC to publish on its Legal Notice System ("LENS"). LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated April 14, 2025 (Dkt. No. 69-1) (the "Stipulation").

particular CUSIPs once a legal notice is posted. A true and correct copy of the Internet Notice and Claim Form is attached hereto as **Exhibit B**.

5.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. SCS maintains a proprietary master list consisting of 1,050 banks and brokerage companies ("Nominee Account Holders"), as well as 1,416 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups"). On May 12, 2025, SCS caused a letter with a copy of the Postcard Notice to be mailed or e-mailed to the 2,466 nominees contained in the SCS master mailing list. The letter notified them of the Settlement and requested that they, within seven calendar days from the date of the letter, either (a) provide SCS with the names, addresses, and email addresses (to the extent known) of their customers who may be beneficial purchasers/owners so that SCS could promptly mail the Postcard Notice or email a link the electronic Internet Notice and Claim Form to such beneficial purchasers/owners; (b) request copies of the Postcard Notice from SCS and, within seven (7) calendar days of receipt, mail the Postcard Notices to their customers who may be beneficial purchasers/owners; or (c) request a link to the electronic Internet Notice and Claim Form and, within seven (7) calendar days of receipt, email the link to the Internet Notice and Claim Form to their customers who may be beneficial purchasers/owners. A copy of the letter sent to these nominees is attached hereto as **Exhibit C.**

6.      Pursuant to the Preliminary Approval Order, to provide actual notice to those persons and entities that purchased or otherwise acquired AlloVir, Inc. ("AlloVir") securities from

3

January 11, 2023 through December 21, 2023, inclusive (the "Class Period"), SCS printed and mailed the Postcard Notice or emailed the link to the electronic Internet Notice and Claim Form to potential members of the Settlement Class. A true and correct copy of the Postcard Notice is attached hereto as **Exhibit D**.

7.    SCS mailed, by first class mail, postage prepaid, the Postcard Notice to 75 persons and entities identified in the transfer records which were provided to SCS by Counsel for Defendants. These records reflect the names and mailing addresses of persons and entities that purchased or held AlloVir securities for their own account, or for the account(s) of their clients, during the Class Period. This mailing was completed on May 21, 2025, in accordance with the Preliminary Approval Order.

8.    Following these mailings, SCS received 670 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by SCS, as well as 2,968 email addresses from individuals or nominees requesting that a link to the Internet Notice and Claim Form be emailed by SCS. SCS also received requests from a nominee for 5,010 Postcard Notices so that they could forward them to their customers, and SCS was notified by another nominee that they mailed 150 Postcard Notices to their customers. Additionally, SCS was notified by a nominee that they emailed the link to the Internet Notice and Claim Form on the Settlement webpage to 2,197 of their customers.

9.    To date, a total of 11,070 notices of the Settlement have been sent to potential Settlement Class Members, of which 5,905 were mailed Postcard Notices and 5,165 were emailed links to the Internet Notice and Claim Form on the Settlement webpage.

## PUBLICATION OF THE SUMMARY NOTICE

10. Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Summary Notice") was transmitted electronically once over the *Globe Newswire* on June 5, 2025, as shown in the confirmation of publication attached hereto as **Exhibit E.**

## TOLL-FREE PHONE LINE

11. SCS maintains a toll-free telephone number (1-866-274-4004) for potential Settlement Class Members to call and obtain information about the Settlement. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries throughout the Settlement administration process.

## SETTLEMENT WEBPAGE

12. On May 12, 2025, SCS established a dedicated webpage for the Settlement on its website at www.strategicclaims.net/allovir/. The Settlement webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status of this case; the case deadlines; the online claim filing link; and important documents such as the Internet Notice and Claim Form, the Preliminary Approval Order, the Stipulation and its exhibits. SCS will continue to maintain and update the webpage throughout the Settlement administration process.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13. The Internet Notice, the Summary Notice, the Postcard Notice, and the Settlement webpage informed Settlement Class Members that written requests for exclusion are to be mailed to SCS such that they are received no later than July 9, 2025. SCS has been monitoring all mail delivered for this case. As of the date of this declaration, SCS has not received any requests for exclusion.

14.     According to the Internet Notice, the Summary Notice, the Postcard Notice, and the Settlement webpage, Settlement Class Members seeking to object to the proposed Settlement or any of its terms, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application must mail or deliver their objections to Lead Counsel and Settling Defendants' Counsel, as well as file such objections with the Clerk of the Court, no later than July 9, 2025.  As of the date of this declaration, SCS has neither received any misdirected objections nor been notified that any objections have been submitted.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 24th day of June, in Media, Pennsylvania.

_____
Sarah Evans

# Strategic Claims Services

Phone 866.274.4004
610.565.9202
Fax 610.565.7985

strategicclaims.net

April 25, 2025

**VIA CERTIFIED MAIL**

Aaron Ford
Nevada Attorney General
100 N. Carson St.
Carson City, NV 89701

RE:    Notice of Proposed Class Action Settlement in *Zerbato v. AlloVir, Inc. et al.,* Case No. 1:24-cv-10152-DJC

Dear Sir or Madam:

Strategic Claims Services has been retained to provide notices set forth under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Pursuant to this Act, Defendants AlloVir, Inc. ("AlloVir"), Diana M. Brainard, and Vikas Sinha (the "Individual Defendants," and together with AlloVir, the "Defendants") hereby provide your office with notice of a proposed settlement in the above-referenced matter (the "Litigation") pending in the United States District Court for the District of Massachusetts (the "Court").  The Litigation asserts claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, against Defendants.

The proposed Settlement Class (the "Class") is defined as "all persons or entities who purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive (such time period, the "Class Period"). Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Class Period; any person who served as an officer (as defined in Securities Exchange Act Rule 16a-1(f)) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors, heirs, and assigns of any excluded person.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court".

The Defendants deny any and all wrongdoing, deny any liability to Lead Plaintiffs and/or the proposed Class, and deny that Lead Plaintiffs and the proposed class members have suffered any damages attributable to the Defendants' actions.

Strategic Claims Services provides the following information and documents pursuant to 28 U.S.C. § 1715.  Any documents referenced below are included on the CD that is enclosed with this letter.

1.  **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** A copy of the original complaint filed in the action and the amended complaint are provided on the enclosed CD ROM.

2.  **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** As of the date of this letter, the Court has not yet scheduled any hearings with respect to the proposed settlement.

3.  **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the proposed Notice is enclosed on the CD ROM entitled *"Ex. A-1 – Internet Notice of Pendency and Proposed Settlement of Class Action"*, as well as *"Ex. A-3 – Summary Notice"* and *"Ex. A-4 – Postcard Notice."*

4.  **28 U.S.C. § 1715(b)(4) – Proposed Class Action Settlement**: Counsel for the Class filed the parties' proposed Stipulation and Agreement of Settlement ("Stipulation") and associated documents with the Court on April 17, 2025.  A copy of the parties' Stipulation with exhibits is provided on the enclosed CD ROM.

5.  **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** The parties also contemporaneously agreed to a confidential Supplemental Agreement, which is referenced in the Stipulation, and which was not filed with the Court.  As described in the Stipulation, and as is customary in securities class action settlements, the purpose of the confidential Supplemental Agreement is to provide the Defendants with the option to terminate the settlement if timely requests for exclusion from the class are submitted by eligible class members who/that

600 North Jackson Street • Suite 205 • Media, PA 19063

meet the conditions set forth in the Supplemental Agreement.  The Supplemental Agreement remains confidential and has not been included with the enclosed materials.

6. **28 U.S.C. § 1715(b)(6) – Final Judgment:** As of the date of this letter, the Court has not entered any Final Judgment.  The proposed Judgment is enclosed on the CD ROM entitled "*Ex. B - Final Order and Judgment Approving Class Action Settlement and Order of Dismissal.*"

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimated Proportionate Share:** Pursuant to 28 U.S.C. § 1715(b)(7)(A), CAFA requires a defendant, "if feasible," to provide the names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement or (B) if the provision of information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement.  Because most of securities at issue are held in "street name," it is not feasible to provide the names of all class members who reside in each state, or to provide the estimated proportionate share of the claims of such members to the settlement.   For the same reason, it is not feasible at this time to provide a reasonable estimate of the number of class members residing in each state or the estimated proportionate share of the claims of such members to the settlement.

**28 U.S.C. § 1715(b)(8) – Written Judicial Opinion:** As of the date of this letter, the Court has not entered any written judicial opinion relating to items (3) through (6) above.

Notice of further scheduled hearings or relevant judicial opinions may be found by visiting the "PACER" online docket for the above-captioned matter at: https://ecf.mad.uscourts.gov/cgi-bin/ShowIndex.pl.

If for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact Counsel for Defendants identified below, to address any concerns or questions that you may have.

> **Counsel for Defendants**
> GOODWIN PROCTER LLP
> Caroline H. Bullerjahn
> Justin D. Ward
> 100 Northern Avenue
> Boston, MA 02210

Sincerely,

Strategic Claims Services

By:  Matthew Shillady
Title: Director of Operations

Enclosure – CD ROM

600 North Jackson Street • Suite 205 • Media, PA 19063

EXHIBIT B

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated, <br><br><br> Plaintiff, <br><br> v. <br><br> ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA, <br><br><br> Defendants. | Case No. 1:24-cv-10152-DJC <br><br> **CLASS ACTION** |

**INTERNET NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased AlloVir, Inc. securities from January 11, 2023 through December 21, 2023, inclusive, you may be entitled to a payment from a class action settlement.**

***A Court authorized this notice.  This is <u>not</u> a solicitation from a lawyer.***

- This Internet Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- The Settlement resolves claims by Court-appointed Lead Plaintiffs Julio Maurice Bueno and Harry Levin ("Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), against Defendants AlloVir, Inc. ("AlloVir" or the "Company"), Diana M. Brainard, and Vikas Sinha (collectively, "Individual Defendants," and, together with AlloVir, "Defendants," and, together with both AlloVir and Lead Plaintiffs, the "Parties").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases Defendants' Releasees (defined below) from liability from the Released Plaintiffs' Claims (defined below).

- If approved by the Court, the Settlement will create a $1 million cash fund, plus earned interest, for the benefit of eligible Settlement Class Members, before the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Costs, and Taxes.

**PLEASE READ THIS NOTICE CAREFULLY.  It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**

**If you have any questions about this Internet Notice, the Settlement, or your eligibility, please do not contact AlloVir or its counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶¶ 7–8 below).**

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated April 14, 2025 (the "Stipulation"), which can be viewed at www.strategicclaims.net/allovir. All capitalized terms not defined in this Internet Notice have the same meanings as defined in the Stipulation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM ON OR BEFORE AUGUST 19, 2025** | The only way to be eligible to receive a payment from the Settlement is to submit a timely and valid Claim Form. *See* Question 8 below for details. If you are a Settlement Class Member and you remain in the Settlement Class, it is in your best interest to submit a Claim Form because, even if you do not submit a Claim Form, you will be bound by the Settlement approved by the Court and will give up all Released Plaintiffs' Claims against Defendants' Releasees (defined in ¶ 34 below). |
| **EXCLUDE YOURSELF FROM THE CLASS ON OR BEFORE JULY 9, 2025** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. *See* Question 11 below for details. |
| **OBJECT ON OR BEFORE JULY 9, 2025** | If you do not like the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application (defined in ¶ 5 below), you may write to the Court and explain why you do not like them. You cannot object if you are not a Settlement Class Member or if you have requested exclusion. *See* Question 14 below for details. |
| **GO TO A HEARING ON JULY 30, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED BY NO LATER THAN JULY 9, 2025** | Ask to speak to the Court at the Settlement Hearing about the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. *See* Questions 16-18 below for details. |
| **DO NOTHING** | If you are a member of the Settlement Class and you do not submit a valid and timely Claim Form, you will not be eligible for a payment from the Settlement. You will, however, be bound by the Judgment and orders entered by the Court, which means that you will give up your right to sue about the claims that are resolved by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Internet Notice.
- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient, as this process can take some time to complete.

## SUMMARY OF THE INTERNET NOTICE

### Statement of the Class's Recovery

1.    Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $1,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages 12-15 below.

2

**Estimate of Average Amount of Recovery Per Share**

2.    Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of AlloVir securities eligible to participate in the Settlement, and assuming that all such investors eligible to participate do so, Lead Plaintiffs estimate that the average recovery would be approximately $0.03 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Costs). If the Court approves the Fee and Expense Application (discussed below), the average recovery would be approximately $0.02 per allegedly damaged share.[2] Please note, however, that these average recovery amounts are only estimates, and Settlement Class Members may recover more or less than these estimated amounts. An individual Settlement Class Member's actual recovery will depend on, for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Settlement Class Member purchased AlloVir securities; and (iv) whether and when the Settlement Class Member sold the securities. See the Plan of Allocation beginning on page 12 for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

3.    The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs were to prevail on each claim alleged in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any Settlement Class Members (at all, or in the amount contended by Lead Plaintiffs). The issues on which the Parties disagree also include, for example, whether: (i) Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the price of AlloVir securities was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors, such as general market, economic and industry conditions, influenced the prices of AlloVir securities during the Class Period.

4.    Defendants have denied and continue to deny any and all allegations of wrongdoing, liability, fault, or damages asserted in the Action, and deny that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Each Defendant has expressly denied and continues to deny all allegations of wrongdoing or liability against such Defendant arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Action, including but not limited to, all contentions concerning Defendants' business, conduct, and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Defendants have also denied and continue to deny the allegations that Lead Plaintiffs or Settlement Class Members have suffered any damages, loss, or were otherwise harmed in any way by Defendants or by the conduct alleged in the Action.

**Statement of Attorneys' Fees and Expenses Sought**

5.    Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed thirty-three and one third percent (33 1/3 %) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of Litigation Expenses incurred by Lead Counsel in prosecuting the Action in an amount not to exceed $100,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class ("Fee and Expense Application"). If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses, assuming claims are submitted for all shares eligible to participate in the Settlement, will be approximately $0.01 per allegedly damaged share of AlloVir securities (according to Lead Plaintiffs'

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

damages expert).  A copy of Lead Counsel's Fee and Expense Application will be posted on www. strategicclaims.net/allovir after it has been filed with the Court.

**Reasons for the Settlement**

6.    For Lead Plaintiffs, the principal reason for the Settlement is the immediate and guaranteed cash benefit to the Settlement Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the motions or anticipated motions filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals). For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, they have stated that they are entering into the Settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing litigation of the Action.

**Identification of Attorneys' Representatives**

7.    Lead Plaintiffs and the Settlement Class are represented by Lead Counsel, Michael S. Bigin, Bernstein Liebhard LLP, 10 East 40th Street, New York, NY 10016, www.bernlieb.com.

8.    Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Strategic Claims Services, (866) 274-4004 www.strategicclaims.net/allovir/; or Lead Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1.  Why did I get this Notice?** |
|---|

9.    The Court authorized that notice of this Settlement be sent to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive, and may be a Settlement Class Member.  **Receipt of the postcard providing you information about where to find this Internet Notice online does not mean that you are a member of the Settlement Class or that you are entitled to receive a payment.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is distributed with this Notice.** *See* **Question 8 below.**

10.   The purpose of this Internet Notice is to inform you of the existence of this class action, how you might be affected by it, and how to exclude yourself from the Settlement Class, if you wish to do so.  This Internet Notice also informs you of the terms of the Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement and Lead Counsel's Fee and Expense Application.

11.   The Court in charge of the Action is the United States District Court for the District of Massachusetts, and the case is known as *Zerbato v. AlloVir, Inc. et al.*, Case No. 1:24-cv-10152-DJC. The Action is assigned to the Honorable Denise Casper, United States District Judge.

| **2.  What is this case about and what has happened so far?** |
|---|

12.   This Action was commenced with the filing of a complaint on January 19, 2024.

13.   On April 17, 2024, the Court appointed Julio Maurice Bueno and Harry Levin as Lead Plaintiffs and approved Lead Plaintiffs' selection of Bernstein Liebhard LLP as Lead Counsel for the proposed class.

14.   On June 17, 2024, Lead Plaintiffs filed the Complaint, alleging violations of the Securities Exchange Act of 1934 against Defendants.

15.   On August 16, 2024, Defendants filed a motion to dismiss the Complaint.

16.   On November 12, 2024, Lead Plaintiffs filed a memorandum in opposition to the motion to dismiss the Complaint.

17.   On December 12, 2024, Defendants filed a reply brief in support of their motion to dismiss.

18.  On February 19, 2025, the Court held oral argument on Defendants' motion to dismiss and following the argument, took the matter under advisement.

19.  On March 3, 2025, the Parties agreed to a settlement in principle to settle the Action and release all claims against Defendants in return for a cash payment of one million dollars ($1,000,000) for the benefit of the Settlement Class.

20.  On April 23, 2025, the Court preliminarily approved the Settlement, authorized this notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| 3.  Why is this a class action? |
| --- |

21.  In a class action, one or more persons or entities (in this case, Lead Plaintiffs) pursue a lawsuit on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member." Class actions allow the adjudication of many individuals' similar claims that might be too small economically to bring as individual actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

| 4.  What are the reasons for the Settlement? |
| --- |

22.  The Court did not finally decide in favor of Lead Plaintiffs or Defendants.  Instead, both sides after due consideration agreed to a Settlement of the Action. Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit; however, Lead Plaintiffs and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue their claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

23.  Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint and further deny that they did anything wrong, that Lead Plaintiffs or the Settlement Class suffered damages or that the price of AlloVir securities was artificially inflated by reasons of alleged misrepresentations, omissions, nondisclosures or otherwise. The Settlement should not be seen as an admission or concession on the part of Defendants. Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

### WHO IS IN THE SETTLEMENT

| 5.  How do I know if I am part of the Settlement Class? |
| --- |

24.  The Court directed, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (see Question 6 below) or take steps to exclude themselves from the Settlement Class (see Question 11 below):

**All Persons who purchased AlloVir securities from January 11, 2023 through December 21, 2023, inclusive, and who were damaged thereby.**

25.  Receipt of Notice does not mean that you are a Settlement Class Member. The Parties do not have access to your transactions in AlloVir securities. Please check your records or contact your broker to see if you are a member of the Settlement Class. If one of your mutual funds purchased AlloVir securities during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you individually purchased AlloVir securities during the Class Period.

| 6.  Are there exceptions to being included? |
| --- |

26.  Yes.  There are some individuals and entities who are excluded from the Settlement Class by definition. Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Class Period; any person

who served as an officer (as defined in Securities Exchange Act Rule 16a-1(f)) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors, heirs, and assigns of any excluded person.

27. If you sold all of your AlloVir securities prior to the alleged corrective disclosure, which occurred after the market closed on December 21, 2023, and made no subsequent purchases, you are not a member of the Settlement Class because you were not allegedly damaged.

28. Also excluded from the Settlement Class will be any Person who or which timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

## THE SETTLEMENT BENEFITS

### 7.  What does the Settlement provide?

29. In exchange for the Settlement and the release of the Released Plaintiffs' Claims against Defendants' Releasees (*see* Question 10 below), Defendants have agreed to cause a $1 million cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who send in valid and timely Claim Forms.

### 8.  How can I receive a payment?

30. To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form is available on the website dedicated to the Settlement: www.strategicclaims.net/allovir/, or from Lead Counsel's website: www.bernlieb.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004.

31. Please read the instructions contained in the Claim Form carefully. Fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator using the address listed in the Claim Form or submit it online at www.strategicclaims.net/allovir/. Claim Forms must be **postmarked (if mailed) or received no later than August 19, 2025.**

### 9.  When will I receive my payment?

32. The Court will hold a Settlement Hearing on **July 30, 2025,** to decide, among other things, whether to finally approve the Settlement. Even if the Settlement is approved, there may be appeals, which can take time to resolve. It also takes a long time for all Claim Forms to be accurately reviewed and processed. Please be patient.

### 10.  What am I giving up to receive a payment and by staying in the Settlement Class?

33. By staying in the Settlement Class, you have the opportunity to receive a payment in this Settlement. If you exclude yourself from the Settlement Class, you give up the right to receive a payment in this Settlement, but you may be able to file your own individual case if you choose.

34. If you are a member of the Settlement Class, unless you exclude yourself (*see* Question 11 below), you will remain in the Settlement Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the Defendants' Releasees.

(a)  **"Released Plaintiffs' Claims"** means, to the fullest extent that the law permits their release, as against Defendants' Releasees, any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class, direct, indirect, or

6

individual in nature, that previously existed, currently exist, exist as of the date of Court approval of the Settlement, or that may arise in the future, that Plaintiffs or any other member of the Settlement Class asserted in the complaints in the Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) that arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Action or the complaints in the Action, or that in any way arise out of, are based upon, relate to, or concern any purchase of AlloVir securities during the Class Period. This release shall not include any claims arising out of any derivative action. This release does not release or impair any claims relating to the enforcement of the Settlement.  "Released Plaintiffs' Claims" include "Unknown Claims," as defined herein.

(b)  **"Defendants' Releasees"** means each of the Defendants and his, her or its respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, controlling shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

(c)  **"Unknown Claims"** means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar comparable or equivalent to California Civil Code §1542, which provides: **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."** Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

35.  The "Effective Date" will occur when a Judgment entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

36.  Upon the "Effective Date," Defendants will also provide a release of any claims against Lead Plaintiffs, the Settlement Class, and Lead Counsel arising out of or related to the institution, prosecution, or Settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE CLASS

37.  If you do not want to be eligible to receive a payment from the Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants' Releasees on your own for the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal. Also, Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of AlloVir securities seek exclusion from the Settlement Class**.

| **11.  How do I exclude myself from the Settlement Class?** |
| --- |

38.  To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Zerbato v. AlloVir, Inc. et al., No. 1:24-cv-10152-DJC*". You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares of AlloVir securities that the person or entity requesting exclusion (a) owned as of the opening of trading on January 11, 2023, and (b) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is received no later than July 9, 2025, to:

*AlloVir, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

**You may not request exclusion by telephone or email. Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

39.  If you have submitted a valid and timely request for exclusion, you may, at any point up to the day of the Settlement Hearing, submit a written revocation of request for exclusion. To revoke a prior request for exclusion, you must submit a written statement to the Claims Administrator and/or to Lead Counsel, signed by you, stating your desire to revoke, retract or withdraw your request for exclusion and to be bound by any judgment or settlement in the Action.

40.  If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Defendants, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

| **12.  Do I have a lawyer in this case?** |
| --- |

41.   The Court appointed the law firm of Bernstein Liebhard LLP to represent all Settlement Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers.

The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13.  How will the lawyers be paid?** |
|---|

42.  Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award Plaintiff's Counsel attorneys' fees of no more than thirty-three and one third percent (33 1/3 %) of the Settlement Fund, which will include any accrued interest. Plaintiffs' Counsel are Bernstein Liebhard LLP and Hutchings Barsamian Mandelcorn, LLP. No other attorneys will share in the fee awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $100,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses of Lead Plaintiffs directly related to representation of the Settlement Class.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| **14.  How do I tell the Court that I do not like something about the proposed Settlement?** |
|---|

43.  If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. You can ask the Court not to approve the Settlement, but you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval of the Settlement, no payments will be made to Settlement Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

44.  To object, you must file and send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application in "*Zerbato v. AlloVir, Inc. et al.,* No. 1:24-cv-10152-DJC".  Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documentation identifying the number of shares of AlloVir securities the person or entity (a) held as of the opening of trading on January 11, 2023 and (b) purchased and/or sold during the Class Period, as well as the dates and prices of each such purchase and sale. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Internet Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than July 9, 2025 and** be mailed or delivered to each of the following counsel so that it is **received no later than July 9, 2025**.

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court** **U.S. District Court for the** **District of Massachusetts** John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Suite 2300 Boston, Massachusetts 02210 | **Bernstein Liebhard LLP** Michael S. Bigin, Esq. Jeffery McEachern, Esq. 10 East 40th Street New York, NY  10016 | **Goodwin Procter LLP** Caroline H. Bullerjahn, Esq. Justin D. Ward, Esq. 100 Northern Avenue Boston, MA 02210 |

**15.  What is the difference between objecting and seeking exclusion?**

45.  Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16.  When and where will the Court decide whether to approve the proposed Settlement?**

46.  The Court will hold the Settlement Hearing on **July 30, 2025, at 2:30 p.m.**, before the Honorable Denise Casper in Courtroom 11, 5th floor of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; and (ii) Lead Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

47.  You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, check the Settlement website at www.strategicclaims.net/allovir/, or periodically check the Court's website at https://www.mad.uscourts.gov/boston/casper.htm to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**17.  Do I have to come to the Settlement Hearing?**

48.  No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than July 9, 2025.**

**18.  May I speak at the Settlement Hearing?**

49.  You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see Question 14), **no later than July 9, 2025,** a statement that you, or your attorney, intend to appear in "*Zerbato v. AlloVir, Inc. et al.*, No. 1:24-cv-10152-DJC (D. Mass.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

**19.  What happens if I do nothing at all?**

50.  If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Defendants' Releasees concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (see Question 8 above). To start, continue or be part of any other lawsuit against Defendants or any other of the

Defendants' Releasees concerning the Released Plaintiffs' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (see Question 11 above).

## GETTING MORE INFORMATION

### 20.  Are there more details about the Settlement?

51.  This Notice contains only a summary of the proposed Settlement.  Lead Counsel's motions in support of final approval of the Settlement and Fee and Expense Application will be filed with the Court no later than June 25, 2025, and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

52.  You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

53.  You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.strategicclaims.net/allovir/ or the website of Lead Counsel, www.bernlieb.com.

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

### 21.  How will my claim be calculated?

54.  As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the case website, www.strategicclaims.net/allovir/.

55.  To design the Plan, Lead Counsel have conferred with Lead Plaintiffs' consulting damages expert. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amounts that will actually be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Settlement Class Member can claim for purposes of making pro rata allocations of the Net Settlement Fund to Authorized Claimants.

56.  For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue. In this case, Lead Plaintiffs alleged that Defendants issued false statements and omitted material facts during the Class Period (January 11, 2023 through December 21, 2023, inclusive) that artificially inflated the price of AlloVir securities. It is alleged that corrective information released to the market after market close on December 21, 2023 impacted the market prices of AlloVir securities in a statistically significant manner and removed the alleged artificial inflation (or deflation) from the share prices on December 22,

11

2023. Accordingly, in order to have a compensable loss in this Settlement, the AlloVir securities must have been purchased during the Class Period and held through the alleged corrective disclosure.

57.    An individual Settlement Class Member's recovery will depend on, for example: (a) the total number and value of claims submitted; (b) when the claimant purchased AlloVir securities; and (c) whether and when the claimant sold his, her, or its shares of AlloVir securities.

58.    The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/allovir/.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

59.    For purposes of determining whether a Claimant has a Recognized Claim, purchases and sales of AlloVir securities will first be matched on a First In/First Out ("FIFO") basis.

60.    The Claims Administrator will calculate a "Recognized Loss Amount", as set forth below for each purchase of AlloVir securities during the Class Period that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."If a Settlement Class Member has more than one purchase or sale of AlloVir securities during the Class Period, all purchases and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

### Plan of Allocation

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS AMOUNTS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. Recognized Loss Amounts will be calculated as follows:

For AlloVir common stock purchased during the Class Period, the Recognized Loss Amount shall be calculated as follows:

A.    For shares sold on or before December 21, 2023, the Recognized Loss Amount  per share shall be $0.00.

B.    For shares sold between December 22, 2023 and March 20, 2024, inclusive, the Recognized Loss Amount shall be the lesser of:

   (i)    $1.60 per share: or

   (ii)    the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

C.    For shares retained at the end of trading on March 20, 2024, the Recognized Loss Amount shall be the lesser of:

   (i)    $1.60 per share; or

   (ii)    the difference between the purchase price per share and $0.70 per share[3].

---

[3]Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **Table A** | | | | | | | | | | |
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 12/22/2023 | $0.77 | $0.77 | | 1/24/2024 | $0.67 | $0.68 | | 2/22/2024 | $0.70 | $0.69 |
| 12/26/2023 | $0.75 | $0.76 | | 1/25/2024 | $0.69 | $0.68 | | 2/23/2024 | $0.70 | $0.69 |
| 12/27/2023 | $0.70 | $0.74 | | 1/26/2024 | $0.71 | $0.69 | | 2/26/2024 | $0.72 | $0.69 |
| 12/28/2023 | $0.68 | $0.72 | | 1/29/2024 | $0.71 | $0.69 | | 2/27/2024 | $0.73 | $0.69 |
| 12/29/2023 | $0.68 | $0.71 | | 1/30/2024 | $0.72 | $0.69 | | 2/28/2024 | $0.71 | $0.69 |
| 1/2/2024 | $0.69 | $0.71 | | 1/31/2024 | $0.72 | $0.69 | | 2/29/2024 | $0.74 | $0.69 |
| 1/3/2024 | $0.64 | $0.70 | | 2/1/2024 | $0.77 | $0.69 | | 3/1/2024 | $0.75 | $0.70 |
| 1/4/2024 | $0.67 | $0.70 | | 2/2/2024 | $0.69 | $0.69 | | 3/4/2024 | $0.74 | $0.70 |
| 1/5/2024 | $0.65 | $0.69 | | 2/5/2024 | $0.67 | $0.69 | | 3/5/2024 | $0.73 | $0.70 |
| 1/8/2024 | $0.67 | $0.69 | | 2/6/2024 | $0.69 | $0.69 | | 3/6/2024 | $0.73 | $0.70 |
| 1/9/2024 | $0.68 | $0.69 | | 2/7/2024 | $0.67 | $0.69 | | 3/7/2024 | $0.74 | $0.70 |
| 1/10/2024 | $0.70 | $0.69 | | 2/8/2024 | $0.67 | $0.69 | | 3/8/2024 | $0.73 | $0.70 |
| 1/11/2024 | $0.66 | $0.69 | | 2/9/2024 | $0.72 | $0.69 | | 3/11/2024 | $0.72 | $0.70 |
| 1/12/2024 | $0.69 | $0.69 | | 2/12/2024 | $0.70 | $0.69 | | 3/12/2024 | $0.74 | $0.70 |
| 1/16/2024 | $0.67 | $0.69 | | 2/13/2024 | $0.67 | $0.69 | | 3/13/2024 | $0.73 | $0.70 |
| 1/17/2024 | $0.67 | $0.69 | | 2/14/2024 | $0.67 | $0.69 | | 3/14/2024 | $0.73 | $0.70 |
| 1/18/2024 | $0.69 | $0.69 | | 2/15/2024 | $0.69 | $0.69 | | 3/15/2024 | $0.78 | $0.70 |
| 1/19/2024 | $0.68 | $0.69 | | 2/16/2024 | $0.70 | $0.69 | | 3/18/2024 | $0.73 | $0.70 |
| 1/22/2024 | $0.68 | $0.69 | | 2/20/2024 | $0.70 | $0.69 | | 3/19/2024 | $0.75 | $0.70 |
| 1/23/2024 | $0.67 | $0.68 | | 2/21/2024 | $0.71 | $0.69 | | 3/20/2024 | $0.75 | $0.70 |

### ALLOVIR CALL AND PUT OPTION RECOGNIZED LOSS AMOUNT CALCULATIONS

i. For each AlloVir call option purchased or otherwise acquired during the Class Period, the Recognized Loss Amount per option shall be calculated as follows:

    I. For each AlloVir call option not held at the opening of trading on December 22, 2023, the Recognized Loss Amount is $0.00.

    II. For each AlloVir call option purchased during the period January 11, 2023 through December 21, 2023, inclusive, and held at the opening of trading on December 22, 2023, the Recognized Loss Amount is the purchase price minus the intrinsic value of the AlloVir call option on December 22, 2023, where the intrinsic value is the *greater of:* (i) $0.00 or (ii) $0.77[4] per share *minus* the strike price of the option.

No Recognized Loss Amount shall be calculated based upon the purchase or acquisition of any AlloVir call option that had been previously sold or written.

ii. For each AlloVir put option written during the Class Period, the Recognized Loss Amount per option shall be calculated as follows:

    I. For each AlloVir put option not open (*i.e.*, not outstanding) at the opening of trading on December 22, 2023, the Recognized Loss Amount is $0.00.

---

received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $0.70 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on December 22, 2023 and ending March 20, 2024.
[4] $0.77 is the closing price of AlloVir common stock on December 22, 2023.

13

II.       For each AlloVir put option sold during the period January 11, 2023 through December 21, 2023, inclusive, and still outstanding at the opening of trading on December 22, 2023, the Recognized Loss Amount is the intrinsic value of the Allovir put option on December 22, 2023 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $0.77.

No Recognized Loss shall be calculated based upon the sale or writing of any AlloVir put option that had been previously purchased or acquired.

**<u>Common Stock Purchased/Sold Through the Exercise of Options</u>:** With respect to AlloVir common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option, and the purchase/sale price of the common stock is the closing price of AlloVir common stock on the exercise date. Any Recognized Loss Amounts arising from purchases of AlloVir common stock acquired during the Class Period through the exercise of an option on AlloVir common stock shall be computed as provided for other purchases of AlloVir common stock in the Plan of Allocation

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel, or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

61.   Purchases and sales of AlloVir securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of AlloVir securities during the Class Period shall not be deemed a purchase or sale of these shares of AlloVir securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of such shares of such AlloVir securities unless (i) the donor or decedent purchased such shares of AlloVir securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of AlloVir securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

62.   In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase is also zero.

63.   In the event that a Claimant has an opening short position in AlloVir securities at the start of the Class Period, the earliest Class Period purchases shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

64.   AlloVir securities are the only securities eligible for recovery under the Plan of Allocation.

65.   An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the

14

Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund (95% of which will be for purchasers of AlloVir common stock and 5% of which will be for buyers or sellers of AlloVir options), the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

66. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

67. Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund; however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

68. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) six (6) months after the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Costs, Taxes, attorneys' fees and expenses, and any award to Lead Plaintiffs, the Claims Administrator shall, if economically feasible, reallocate (which reallocation may occur on multiple occasions) such balance as follows: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such subsequent distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this subsequent distribution, if such subsequent distribution is economically feasible. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Costs, Taxes, and attorneys' fees and expenses and any award to Lead Plaintiffs, and after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, shall be donated to Greater Boston Legal Services.

69. Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Counsel, their damages expert, Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court.

70. Lead Plaintiffs, Defendants, their respective counsel, Defendants' Releasees, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

71. If you purchased AlloVir securities during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE, YOU MUST EITHER: (a) provide to the Claims Administrator the name, last known address, and email address of each such person or entity; (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and WITHIN SEVEN (7) DAYS of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request a link to the electronic Internet Notice and Claim Form from the Claims Administrator, and

15

WITHIN SEVEN (7) DAYS of receipt thereof, email the link directly to all purchasers for which email addresses are available. If they are available, you must also provide the Claims Administrator with the e-mails of the beneficial owners. If you choose to follow procedures (b) or (c), the Court has also directed that, upon making that mailing or emailing, YOU MUST SEND A STATEMENT to the Claims Administrator confirming that the mailing or emailing was made as directed and keep a record of the names, mailing addresses, and email addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation, up to a maximum of $0.02 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice mailed; $0.02 per link to the Internet Notice and Claim Form emailed; or $0.02 per name, address, and email address provided to the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator:

*AlloVir, Inc. Securities Litigation*
c/o Strategic Claims Services
P. O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004
info@strategicclaims.net
www.strategicclaims.net/allovir/

Dated: April 23, 2025

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

## PROOF OF CLAIM AND RELEASE FORM

## "CLAIM FORM"

**Deadline for Submission: August 19, 2025**

If you purchased AlloVir, Inc. ("AlloVir" or the "Company") securities from January 11, 2023 through December 21, 2023, inclusive (the "Class Period"), you may be a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period; any person who served as an officer (as defined in Securities Exchange Act Rule 16a-1(f)) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors, heirs, and assigns of any excluded person. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.)

If you are a Settlement Class Member, you must complete and submit this form in order to be eligible for any settlement benefits.

Most claimants submit their Proof of Claim and Release Form electronically. To file your claim electronically, you must complete and submit the form online at www.strategicclaims.net/allovir/ no later than 11:59 p.m. ET on August 19, 2025. However, you may alternatively complete and sign this Proof of Claim and Release Form and mail it by first class mail, postmarked no later than August 19, 2025, to Strategic Claims Services, the Claims Administrator, at the following address:

AlloVir, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your Claim Form by August 19, 2025 will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your Claim Form to the Court or to any of the parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Proof of Claim and Release Form, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself. Submission of a Proof of Claim and Release Form does not assure that you will share in the proceeds of the Settlement.

### CLAIMANT'S STATEMENT

1. I (we) purchased the securities of AlloVir, Inc. ("AlloVir") between January 11, 2023 and December 21, 2023, inclusive ("the Class Period"). (Do not submit this Proof of Claim and Release Form if you did not purchase AlloVir securities during the Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Internet Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant(s) in the Action or

17

anyone excluded from the Settlement Class; that I (we) have read and understand the Internet Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Internet Notice; that I (we) elect to participate in the proposed Settlement described in the Internet Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of AlloVir securities, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have provided photocopies or scanned stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of AlloVir securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. DO NOT SEND STOCK CERTIFICATES.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Internet Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, heirs, representatives, joint tenants, tenants in common, beneficiaries, executors, administrators, insurers, legatees, and estates) of each of the "Defendants' Releasees" of all "Released Claims."

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Internet Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors,

18

administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Defendants' Releasees.

9. "Defendants' Releasees" means each of the Defendants and his, her or its respective past, present or future directors, officers, employees, parents, partners, members, principals, agents, owners, fiduciaries, controlling shareholders, related or affiliated entities, subsidiaries, divisions, accountants, auditors, attorneys, associates, consultants, advisors, insurers, co-insurers, reinsurers, trustees, estates, beneficiaries, administrators, foundations, underwriters, banks or bankers, personal or legal representatives, divisions, joint ventures, spouses, domestic partners, family members, heirs, executors, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, any entity in which any Defendant had a controlling or partnership interest during the Settlement Class Period, and each of their respective predecessors, successors and assigns, and any trusts for which any of them are trustees, settlors, or beneficiaries.

10. "Released Defendants' Claims" means, to the fullest extent that the law permits their release, as against Lead Plaintiffs, all members of the Settlement Class, and Lead Counsel, all claims or causes of action of every nature and description, whether known or unknown, whether asserted or unasserted, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for (i) claims relating to the enforcement of the Settlement or this Stipulation, or (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. "Released Defendants' Claims" include "Unknown Claims," as defined herein.

11. "Released Plaintiffs' Claims" means, to the fullest extent that the law permits their release, as against Defendants' Releasees, any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature, and description, including both known and Unknown Claims, whether arising under federal, state, or foreign law, or statutory, common, or administrative law, or any other law, rule, or regulation, whether asserted as claims, cross-claims, counterclaims, or third-party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class, direct, indirect, or individual in nature, that previously existed, currently exist, exist as of the date of Court approval of the Settlement, or that may arise in the future, that Plaintiffs or any other member of the Settlement Class asserted in the complaints in the Action or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum, in the U.S. or elsewhere) that arise out of, are based upon, relate to, or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, or involved in the Action or the complaints in the Action, or that in any way arise out of, are based upon, relate to, or concern any purchase of AlloVir securities during the Class Period. This release shall not include any claims arising out of any derivative action. This release does not release or impair any claims relating to the enforcement of the Settlement.  "Released Plaintiffs' Claims" include "Unknown Claims," as defined herein.

12. "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

13. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims which if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of

19

the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar comparable or equivalent to California Civil Code §1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Lead Plaintiffs, any Settlement Class Member, or any Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and the Released Defendants' Claims, but the Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

14. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

15. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation and Agreement of Settlement, dated April 14, 2025 ("Stipulation") was separately bargained for and is a material element of the Settlement of which this release is a part.

16. NOTICE REGARDING ELECTRONIC FILES: Representatives with the authority to file on behalf of (a) accounts of multiple persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple persons and institutional accounts, but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The Claims Administrator reserves the right to request additional documentary proof regarding transactions and holdings in the Company's shares to prove and accurately process the Proof of Claim and Release Form. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing the file with claim number(s) and respective account information. Do not assume that the file has been received or processed until the Claims Administrator sends a confirmation email. If you do not receive such an email within 10 days of submission, please contact the electronic filing department at efile@strategicclaims.net to inquire about the file and confirm it was received and acceptable.

17. <u>NOTICE REGARDING ONLINE FILING</u>: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/allovir/.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

## I.  CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                              State                     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                    Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box)

- ☐ Individual (includes joint owner accounts)   ☐ Pension Plan   ☐ Trust
- ☐ Corporation                                  ☐ Estate         ☐ IRA/401(k)
- ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for multiple accounts, file a separate Claim Form for each account.

ALLOVIR

## II.    SCHEDULE OF TRANSACTIONS IN ALLOVIR COMMON STOCK

| **1. Beginning Holdings** – State the total number of shares of AlloVir common stock held at the opening of trading on January 11, 2023. (Must be documented.)  If none, write "zero" or "0." | Confirm Proof of Position Enclosed ☐ | **IF NONE, CHECK HERE** ☐ |
|---|---|---|

**2.  Purchases** – Separately list each and every purchase of AlloVir common stock from after the opening of trading on January 11, 2023 through and including the close of trading on March 20, 2024. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**3.  Sales** – Separately list each and every sale/disposition (including free deliveries) of AlloVir common stock from after the opening of trading on January 11, 2023 through and including the close of trading on March 20, 2024. (Must be documented.) **IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

| **4. Ending Holdings** – State the total number of shares of AlloVir common stock held at the close of trading on March 20, 2024. (Must be documented.) If none, write "zero" or "0." | **Confirm Proof of Position Enclosed** ☐ |
|---|---|

23

ALLOVIR

### III.    SCHEDULE OF TRANSACTIONS IN ALLOVIR CALL AND PUT OPTIONS

**1. BEGINNING HOLDINGS:** Separately list all positions in AlloVir call and/or put option contracts in which you had an open interest as of the opening of trading on January 11, 2023. (Must be documented.)          **IF NONE, CHECK HERE** ○

| Option Type (Call or Put) | Strike Price of Call/Put Option Contract | Expiration Date of Call/Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call/Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|---|
| | $ | | | |
| | $ | | | |
| | $ | | | |
| | $ | | | |

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD:** Separately list each and every purchase or acquisition of AlloVir call and/or put option contracts between January 11, 2023 and December 21, 2023, both dates inclusive. (Must be documented.)

| Option Type (Call or Put) | Date of Purchase/ Acquisition (List Chronologically) (Month/Day/ Year) | Strike Price of Call/Put Option Contact | Expiration Date of Call/Put Option Contract (Month/Day/ Year) | Option Class Symbol | Number of Call/Put Option Contracts Purchased/ Acquired | Purchase/ Acquisition Price Per Call/Put Option Contract | Insert an "E" if Exercised Insert an "A" if Assigned Insert an "X" if Expired | Exercise/ Assignment/ Expiration Date (Month/ Day/ Year) |
|---|---|---|---|---|---|---|---|---|
| | | $ | | | | $ | | |
| | | $ | | | | $ | | |
| | | $ | | | | $ | | |
| | | $ | | | | $ | | |

**3. SALES DURING THE CLASS PERIOD:** Separately list each and every sale of AlloVir call and/or put options between January 11, 2023 and December 21, 2023, both dates inclusive. (Must be documented.)          **IF NONE, CHECK HERE** ○

| Option Type (Call or Put) | Date of Sale (List Chronologically) (Month/Day/Year) | Strike Price of Call/Put Option Contract | Expiration Date of Call/Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call/Put Option Contracts Sold | Sale Price Per Call/Put Option Contract |
|---|---|---|---|---|---|---|
| | | $ | | | | $ |
| | | $ | | | | $ |
| | | $ | | | | $ |
| | | $ | | | | $ |

**4. ENDING HOLDINGS:** Separately list all positions in AlloVir call and/or put option contracts in which you had an open interest as of the opening of trading on December 22, 2023. (Must be documented.)          **IF NONE, CHECK HERE** ○

| Option Type (Call or Put) | Strike Price of Call/Put Option Contract | Expiration Date of Call/Put Option Contract (Month/Day/Year) | Option Class Symbol | Number of Call/Put Option Contracts in Which You Had an Open Interest |
|---|---|---|---|---|
| | $ | | | |
| | $ | | | |
| | $ | | | |
| | $ | | | |

ALLOVIR

## IV.    SUBSTITUTIVE FORM W-9

**Request for Taxpayer Identification Number**

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | Or | Taxpayer Identification (for estates, trusts, corporations, etc.) |
|---|---|---|
| | | |

## V.    CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Internet Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of AlloVir securities during the Class Period and know of no other person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
 (Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, *e.g.* beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (*See* Item 2 under Claimant's Statement)

Date: _____

25

ALLOVIR

**To file this Proof of Claim and Release Form electronically, please visit the AlloVir case website, www.strategicclaims.net/allovir/. The case website has a link called "Online Claim Form" that will direct you to the electronic filing system. Once you click the Online Claim Form link, you will be given detailed instructions for filling out and submitting your Proof of Claim and Release Form online. Please read the instructions carefully and make sure that you have the information and documents necessary to complete your online claim. You will need to provide the contact information and list of transactions stated in the instructions, as well as attach the documentation listed in paragraph 5 on page 18 of this Proof of Claim and Release Form, in order to submit your claim electronically. If you do not provide all of the information and documents required, you will not be able to proceed with your submission through the electronic filing system. If you experience any issues while filling out your Proof of Claim and Release Form electronically, or if you have any questions about filing, you may contact the Claims Administrator via email at info@strategicclaims.net or by toll-free phone at (866) 274-4004.**

IF YOU CHOOSE TO FILE YOUR CLAIM BY MAIL, THIS PROOF OF CLAIM AND RELEASE FORM MUST BE POSTMARKED NO LATER THAN AUGUST 19, 2025 AND MUST BE MAILED TO:

AlloVir, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when postmarked if mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator. You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

- Please be sure to sign this Proof of Claim and Release Form on page 25. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach or scan supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

- If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

**THIS PAGE INTENTIONALLY LEFT BLANK**

AlloVir, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT C**

<u>REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202      EMAIL: info@strategicclaims.net      FAX: (610) 565-7985

May 12, 2025

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED ALLOVIR, INC. SECURITIES FROM JANUARY 11, 2023 THROUGH DECEMBER 21, 2023, INCLUSIVE.

Excluded from the Settlement Class are Defendants; members of their immediate families; any entity in which any Defendant had a controlling or partnership interest during the Class Period; any person who served as an officer (as defined in Securities Exchange Act Rule 16a-1(f) or director of AlloVir during the Class Period; the judges presiding over the Action; and the successors; heirs, and assigns of any excluded person.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *AlloVir, Inc. Securities Litigation*<br>Case No. 1:24-cv-10152-DJC<br>Exclusion Deadline: July 9, 2025<br>Objection Deadline: July 9, 2025<br>Notice to Appear Deadline: July 9, 2025<br>Claim Filing Deadline: August 19, 2025<br>Settlement Hearing: July 30, 2025 | Cusip Numbers: 019818103 (during Class Period), and 482929106 (as of 3/18/2025)<br>ISINs: US0198181036 (during Class Period) and US4829291065 (as of 3/18/2025)<br>SEDOL: BL9XBL4 (during Class Period), and BPW7PJ7 (as of 3/18/2025)<br>Ticker Symbols: NASDAQ: ALVR (during Class Period) and KLRS (as of 3/18/2025) |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing of the link to the electronic Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses and the Proof of Claim and Release Form ("Internet Notice and Claim Form") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notices, you have seven (7) calendar days to mail them; or
4. Request a link to the electronic Internet Notice and Claim Form and email the link to each of your beneficial purchasers/owners within seven (7) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.02 per link to the Internet Notice and Claim Form emailed,** OR
- **$0.02 per name, address and email address** if you are providing us the records, OR
- **$0.02 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter**.

You are on record as having been notified of the legal matter. A copy of the Internet Notice and Claim Form and other important case-related documents are available on our website at www.strategicclaims.net/allovir/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
AlloVir, Inc. Securities Litigation

AlloVir, Inc. Securities Litigation
c/o Strategic Claims Services
600 N Jackson St., Ste. 205
Media, PA  19063

**<u>Court-Ordered Legal Notice</u>**
**<u>Forwarding Service Requested</u>**

Important Notice about a Securities
Class Action Settlement

You may be entitled to a payment.
This Notice may affect your legal
rights.

Please read it carefully.

Case Pending in the United States
District Court for the District of
Massachusetts.

*Case Number: 1:24-cv-10152-DJC*

*AlloVir, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/ALLOVIR/ FOR MORE INFORMATION.*

The United States District Court for the District of Massachusetts has preliminarily approved a proposed class action Settlement of all claims in the action captioned *Zerbato v. AlloVir, Inc. et al.*, No. 1:24-cv-10152-DJC. The Settlement resolves all of the claims that Defendants violated the Securities Exchange Act of 1934 by making allegedly false and misleading statements and omissions to the investing public, which allegedly caused the Settlement Class to purchase AlloVir, Inc. ("AlloVir") securities at artificially inflated prices. Defendants expressly deny all of Lead Plaintiffs' allegations of wrongdoing or liability whatsoever and deny that the Settlement Class Members' alleged losses are compensable under the securities laws.

You received this Postcard Notice because you or someone in your family may have purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive, and may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants and other Defendants' Releasees, a fund consisting of $1,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Claim Form"). The Claim Form can be found on the website, www.strategicclaims.net/allovir/, or will be mailed to you upon request to the Claims Administrator at the address below.

For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement, the Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Internet Notice"), and Claim Form by visiting the website: www.strategicclaims.net/allovir/. You may also request copies of the Internet Notice and Claim Form from the Claims Administrator through any of the following ways: (1) mail: AlloVir, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net. **To qualify for payment, you must submit a Claim Form.**

Claim Forms must be electronically submitted by 11:59 p.m. ET on August 19, 2025. Mailed Claim Forms must be postmarked by August 19, 2025. If you do not want to be legally bound by the Settlement, you must exclude yourself by July 9, 2025 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by July 9, 2025. The detailed Internet Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a final settlement hearing in this case on July 30, 2025 at 2:30 p.m. at the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Suite 2300 Boston, Massachusetts 02210, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to thirty-three and one third percent (33 1/3 %) of the Settlement Fund for attorneys' fees, plus up to $100,000 for Litigation Expenses, including PSLRA awards for each of the Lead Plaintiffs. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll free (866-274-4004) or visit the website www.strategicclaims.net/allovir/.

*APDS, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**Court-Ordered Legal Notice
Forwarding Service Requested**

Important Notice about a
Securities Class Action
Settlement

You may be entitled to a
payment.  This Notice may affect
your legal rights.

Please read it carefully.

Case Pending in the United
States District Court for the
District of Massachusetts.

*Case Number: 1:24-cv-10152-DJC*

**THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT WWW.STRATEGICCLAIMS.NET/ALLOVIR/ FOR MORE INFORMATION.**

The United States District Court for the District of Massachusetts has preliminarily approved a proposed class action Settlement of all claims in the action captioned *Zerbato v. AlloVir, Inc. et al.*, No. 1:24-cv-10152-DJC. The Settlement resolves all of the claims that Defendants violated the Securities Exchange Act of 1934 by making allegedly false and misleading statements and omissions to the investing public, which allegedly caused the Settlement Class to purchase AlloVir, Inc. ("AlloVir") securities at artificially inflated prices. Defendants expressly deny all of Lead Plaintiffs' allegations of wrongdoing or liability whatsoever and deny that the Settlement Class Members' alleged losses are compensable under the securities laws.

You received this Postcard Notice because you or someone in your family may have purchased AlloVir securities between January 11, 2023 and December 21, 2023, inclusive, and may be a Settlement Class Member. The Settlement provides that, in exchange for the dismissal and release of claims against Defendants and other Defendants' Releasees, a fund consisting of $1,000,000, less attorneys' fees and expenses, will be divided among Settlement Class Members who timely submit a valid Proof of Claim and Release Form ("Claim Form"). The Claim Form can be found on the website, www.strategicclaims.net/allovir/, or will be mailed to you upon request to the Claims Administrator at the address below.

For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement, the Internet Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Internet Notice"), and Claim Form by visiting the website: www.strategicclaims.net/allovir/. You may also request copies of the Internet Notice and Claim Form from the Claims Administrator through any of the following ways: (1) mail: AlloVir, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) call toll-free: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.**To qualify for payment, you must submit a Claim Form.**

Claim Forms must be electronically submitted by 11:59 p.m. ET on August 19, 2025. Mailed Claim Forms must be postmarked by August 19, 2025. If you do not want to be legally bound by the Settlement, you must exclude yourself by July 9, 2025 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by July 9, 2025. The detailed Internet Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a final settlement hearing in this case on July 30, 2025 at 2:30 p.m. at the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse 1 Courthouse Way, Suite 2300 Boston, Massachusetts 02210, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to thirty-three and one third percent (33 1/3 %) of the Settlement Fund for attorneys' fees, plus up to $100,000 for Litigation Expenses, including PSLRA awards for each of the Lead Plaintiffs. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll free (866-274-4004) or visit the website www.strategicclaims.net/allovir/.



Sarah Evans <sevans@strategicclaims.net>

## GlobeNewswire Release Distribution Confirmation: Bernstein Liebhard LLP

**donotreply@globenewswire.com** <donotreply@globenewswire.com>                  Thu, Jun 5, 2025 at 8:01 AM
To: sevans@strategicclaims.net
Cc: jbravata@strategicclaims.net, sevans@strategicclaims.net, fknowles@strategicclaims.net



Boost the trust and credibility of your next press release. Get CLEAR Verified by GlobeNewswire

# Release Distribution Confirmation

## Bernstein Liebhard LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of AlloVir, Inc. Securities

**Cross time: 06/05/25 08:00 AM ET: Eastern Time - View release on GlobeNewswire.com**

**This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.**

**If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930**

---

This message was distributed by GlobeNewswire.
2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us