# EXHIBIT 5

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA,<br><br>     Defendants. | Case No. 1:24-cv-10152-DJC<br><br>**CLASS ACTION** |

**DECLARATION OF THEODORE M. HESS-MAHAN IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND <u>REIMBURSEMENT TO LEAD PLAINTIFFS</u>**

I, THEODORE M. HESS-MAHAN, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am Of Counsel at Hutchings Barsamian Mandelcorn, LLP, the court-appointed Liaison Counsel on behalf of Lead Plaintiffs Julio Maurice Bueno and Harry Levin ("Lead Plaintiffs") in this Action. I have personal knowledge of the matters stated herein and, if called as a witness, I could and would testify thereto. I make this declaration in support of Lead Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Reimbursement to Lead Plaintiffs.

2.      My firm was appointed Liaison Counsel in this Action and litigated the Action on behalf of Lead Plaintiffs and the Class.

3.      The information in this declaration regarding my firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the firm in the ordinary course of business. These reports (and backup documentation where necessary) were reviewed by me to prepare this declaration. In the course of recording professional time, reductions were made in the exercise of billing judgment. As a result, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought as set forth in this declaration are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the litigation. In addition, the expenses are of the type charged to a fee-paying client in the private legal marketplace.

4.      The chart below is a summary indicating the amount of time spent by the attorneys and professional support staff members of my firm who were involved in the prosecution of the Action and the lodestar calculation based on my firm's current rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the rates for such personnel in their final year of employment by the firm. The schedule was prepared from daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.

1

Time expended in preparing this application for fees and expenses has not been included in this request.

5.    The hourly rates for the attorneys and professional support staff of my firm are included in the chart below and are their usual and customary rates.

6.    The total number of hours expended on this litigation by my firm during the Time Period is 28.4 hours. The total lodestar for my firm for those hours is $14,058.00.

**LODESTAR REPORT**

**Inception through June 23, 2025**

| PROFESSIONAL | HOURLY RATE | HOURS | LODESTAR |
|---|---|---|---|
| Theodore M. Hess-Mahan (Of Counsel) | $495.00 | 28.40 | $14,058.00 |
| | | | |
| **TOTALS** | | **28.40** | $14,058.00 |

7.    My firm has expended $297.40 in expenses and charges in connection with the prosecution of the litigation of the Action and expects to incur an additional $47.40 in connection with tolls and parking to attend the final approval hearing if held in person. These expenses and charges are summarized in the chart below:

2

**EXPENSE REPORT**

**Inception through June 23, 2025**

| Category of Expenses | Amount |
|---|---|
| Court filing fees | $250.00 |
| Work-Related Transportation and Meals | $47.40 |
| Additional Anticipated Expenses | $47.40 |
| | |
| **TOTAL EXPENSES** | **$344.80** |

8.    The following is additional information regarding certain of my firm's expenses:

a.    **Filing Fees**: $250.00. These expenses were paid in connection with *pro hac vice* admission to this Court for Lead Counsel attorneys.

b.    **Work-Related Transportation and Meals**: $47.40. In connection with the prosecution of the Action, the firm has paid for work-related transportation expenses, including parking and tolls to attend a hearing on defendants' motion to dismiss.

c.    **Additional Anticipated Expenses**: $47.40.  This additional $47.40 is to reimburse my firm for anticipated tolls and parking to appear at the Fairness Hearing scheduled to occur on July 30, 2025. If the anticipated expense is lower, the difference will remain as part of the Net Settlement Fund.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2025

*/s/Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan

4