# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER ZERBATO, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-10152-DJC |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| ALLOVIR, INC., DIANA M. BRAINARD, and VIKAS SINHA, | |
| Defendants. | |

## LEAD PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AN ORDER DISTRIBUTING THE NET SETTLEMENT FUND

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ............................................................................. 1

II.    DISTRIBUTING THE NET SETTLEMENT FUND TO ALL AUTHORIZED
CLAIMANTS IS PROPER ............................................................................. 2

III.    ALL REJECTED CLAIMS WERE PROPERLY DENIED............................................. 2

IV.    BAR FOR FURTHER CLAIMS AGAINST THE NET SETTLEMENT FUND............... 3

V.    VOIDING OUTSTANDING CLAIM CHECKS 180 DAYS AFTER
THEIR ISSUE DATE IS NECESSARY FOR AN EFFICIENT DISTRIBUTION............ 3

VI.    THE PROPOSED RETENTION PERIOD IS REASONABLE.......................................... 3

VII.    CONCLUSION ............................................................................................. 4

Lead Plaintiffs Julio Maurice Bueno and Harry Levin ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully request entry of the proposed order to: approve the distribution of the Net Settlement Fund to Authorized Claimants; reject all invalid claims; bar any further claims; provide 180 days for Authorized Claimants to cash their distribution checks; and set a retention policy for hard copy and electronic claim documents that were submitted to the Court-appointed Claims Administrator (the "Distribution Order").[1]

## I.  PRELIMINARY STATEMENT

The Court-appointed Claims Administrator Strategic Claims Services ("SCS") has informed Lead Counsel that it has processed all 5,773 claims made for payment from the Net Settlement Fund. SCS reports that it identified 1,873 properly documented, valid claims that met the approved criteria for payment. SCS also received one late but otherwise valid claim. *See* Declaration of Sarah Evans Concerning the Results of the Claims Administration Process at ¶6.a ("Evans Declaration" or "Evans Decl. ¶_"). Since the late claim will not delay the distribution, Lead Counsel requests that the Court permit payment for all 1,874 authorized claims.

Now that the claims process is complete, Lead Counsel seeks to set September 12, 2025 as the final bar date for any additional claims. This bar date is reasonable, as claims made after this date will delay the distribution process, and cause additional costs for the Settlement Class. Also, to facilitate the claims administration, Lead Counsel requests that each Authorized Claimant's check state that it must be cashed within 180 days after the issue date or else it is void. This deadline will encourage the prompt cashing of checks by Authorized Claimants and will also allow Lead Counsel to determine if a second distribution is feasible in a timely manner. *Id.* ¶8.b.

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated April 14, 2025 (Dkt. No. 69-1) (the "Stipulation").

Finally, SCS has requested that one year after the distribution of the Net Settlement Fund, SCS may destroy the paper copies of the Claim Forms and all supporting documentation; and one year after all funds have been distributed, SCS may destroy the electronic copies of the Claim Forms and all supporting documentation. This is the customary document retention period SCS uses to prevent additional costs to the Settlement Class for storage expenses and related fees. *Id.* ¶8.e.

For all of the reasons herein, Lead Plaintiffs' motion for distribution of the Net Settlement Fund should be granted in its entirety.

## II.    DISTRIBUTING THE NET SETTLEMENT FUND TO ALL AUTHORIZED CLAIMANTS IS PROPER

SCS has determined that there are 1,873 valid and timely claims. *Id*. ¶6.a. These claims are listed on Exhibit B-1 of the Evans Declaration. The Authorized Claimants who have submitted these valid and timely claims are entitled to their pro rata share distribution of the Net Settlement Fund.

Additionally, SCS received 1 untimely, but otherwise valid, claim. *Id*. Because the untimely filing of this otherwise valid claim has not caused significant delay to the distribution of the Net Settlement Fund, Lead Counsel requests that the Court approve its payment. *See* Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement, Dkt. No. 71, at ¶12 (permitting Lead Counsel to, "at its discretion, accept for processing late claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.").

Accordingly, Lead Counsel respectfully requests that the Court permit the distribution of the Net Settlement Fund to the Authorized Claimants listed in Exhibits B-1 and B-2 of the Evans Declaration.

## III.    ALL REJECTED CLAIMS WERE PROPERLY DENIED

SCS rejected 3,899 claims because they failed to meet the requirements of the Stipulation, Plan of Allocation, or otherwise lacked sufficient documentation. Evans Decl. ¶6.c. These claims were denied after review in accordance with the procedure approved by the Court. None of these rejected

claimants should be paid from the Net Settlement Fund. Lead Counsel respectfully requests that the Court approve the rejection of all 3,899 claims listed in Exhibits D and E of the Evans Declaration.

## IV.     BAR FOR FURTHER CLAIMS AGAINST THE NET SETTLEMENT FUND

In order to facilitate the efficient distribution of the Net Settlement Fund, it is respectfully requested that the Court bar any further Claim Forms against the Net Settlement Fund beyond the amount allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement. Accordingly, it is respectfully requested that the distribution order provide that no claim received after September 12, 2025, may be accepted for any reason whatsoever, and that no further adjustments to claims may be made for any reason after January 5, 2026.  Evans Decl. ¶7.

## V.     VOIDING OUTSTANDING CLAIM CHECKS 180 DAYS AFTER THEIR ISSUE DATE IS NECESSARY FOR AN EFFICIENT DISTRIBUTION

Experience shows that not all of the payments to be distributed to Authorized Claimants will be cashed promptly. In order to encourage Authorized Claimants to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel proposes that all the distribution drafts bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id.* ¶8.b. Implementing this process will save administration costs and is necessary in order for Lead Counsel to calculate the amount of cash available for a possible redistribution. Therefore, the six-month legend should be included on all of the checks issued to Authorized Claimants.

## VI.     THE PROPOSED RETENTION PERIOD IS REASONABLE

SCS has requested that no less than one year after the distribution of the Net Settlement Fund, SCS may destroy the paper copies of the Claim Forms and all supporting documentation; and no less

3

than one year after all funds have been distributed, SCS may destroy the electronic copies of the Claim Forms and all supporting documentation. SCS advises that in its experience this is the customary document retention period SCS uses to prevent additional costs to the Settlement Class for storage expenses and related fees. Accordingly, Lead Counsel requests that the Court approve this request.

## VII.    CONCLUSION

Based on the foregoing, Lead Counsel respectfully requests that the Court approve and enter the Proposed Order Distributing the Net Settlement Fund submitted herewith.

Respectfully submitted,

**DATED**: February 3, 2026

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**
By: */s/ Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan, BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Tel: (781) 431-2231
Fax: (781) 431-8726
thess-mahan@hutchingsbaramian.com
*Local Counsel for Lead Plaintiffs*

**BERNSTEIN LIEBHARD LLP**
Michael S. Bigin (pro hac vice)
Jeffrey R. McEachern (pro hac vice)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
bigin@bernlieb.com
jmceachern@bernlieb.com

*Lead Counsel for Lead Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 3, 2026.

*/s/ Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan
